IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,          )
                                  )
                Plaintiff,        )          8:12CV122
                                  )
        v.                        )
                                  )
AT&T MOBILITY, LLC,               )          MEMORANDUM AND ORDER
                                  )
                Defendant.        )
_____)

This matter is before the Court on the motion of
defendant AT&T Mobility, LLC ("AT&T") to dismiss the complaint of
plaintiff Prism Technologies, LLC ("Prism"), filed pursuant to
Federal Rule of Civil Procedure 12(b)(6) (Filing No. 27, with
brief, Filing No. 28, and index of evidence, Filing No. 29).
Prism filed a brief in opposition to the motion (Filing No. 35),
to which AT&T replied (Filing No. 36).  After reviewing the
motion, briefs, and relevant law, the Court finds that the motion
to dismiss will be granted with leave for Prism to amend.

**I.   Factual and Procedural Background.**

In its complaint, Prism alleges infringement by AT&T of
two patents, U.S. Patent No. 7,290,288 ("'288 patent"; Ex. 1,
Filing No. 1) and U.S. Patent No. 8,127,345 ("'345 patent"; Ex.
6, Filing No. 1).  The '288 Patent is entitled, "METHOD AND
SYSTEM FOR CONTROLLING ACCESS, BY AN AUTHENTICATION SERVER, TO
PROTECTED COMPUTER RESOURCES PROVIDED VIA AN INTERNET PROTOCOL
NETWORK" (Ex. 1, Filing No. 1, at 1).  The '345 Patent is

entitled "METHOD AND SYSTEM FOR MANAGING ACCESS TO PROTECTED
COMPUTER RESOURCES PROVIDED VIA AN INTERNET PROTOCOL NETWORK"
(Ex. 6, Filing No. 1, at 1).

> For each patent, Prism substantiates its allegation of
AT&T's infringement in only one paragraph:

>> AT&T has been and now is directly,
>> indirectly, and/or jointly
>> infringing the ['288 or '345]
>> patent in the State of Nebraska, in
>> this judicial district, and
>> elsewhere in the United States, by
>> making, using, offering to sell,
>> and/or selling various wireless
>> products and data services that
>> implement authentication systems
>> and methods for controlling access
>> to protected computer resources as
>> claimed in the ['288 or '345]
>> patent.  For example, and without
>> limitation, AT&T sells DataConnect
>> Plans and DataPro Plans that
>> implement systems and methods for
>> controlling access to AT&T's
>> protected network resources.

(Filing No. 1, at ¶¶ 12, 16).  AT&T filed its motion to dismiss
pursuant to Rule 12(b)(6) asserting Prism's "failure to state a
claim upon which relief may be granted" in its complaint (Filing
No. 27, at 1).

## II.  Standard of Review.

> A complaint filed in federal court must contain "a
short and plain statement of the claim showing that the pleader
is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Consequently,
a motion to dismiss may be granted when the plaintiff has failed

-2-

"to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

"*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678; citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.' Otherwise, a plaintiff with no hope of showing proximate causation could require inefficient expenditure of resources and potentially induce a defendant to settle a

-3-

meritless claim." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

"When ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678.) "It is not, however, a 'probability requirement.'" *Id.*

**III.  Direct Infringement.**

In *In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323 (Fed. Cir. 2012), the Federal Circuit expressly addresses the issue of the amount of detail required in a complaint in a patent case.[1]  There, the Federal Circuit started its analysis with regard to direct

---

[1] The Federal Circuit has stated that a ruling on a motion to dismiss is a procedural issue to be decided by the law of the circuit in which the trial court sits:  "A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law.  Thus, on review we apply the law of the regional circuit." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).  This Court reads *Bill of Lading* as highly persuasive but not mandatory authority for the Eighth Circuit.

-4-

infringement with Form 18 of the Federal Rules of Civil

Procedure, "Complaint for Patent Infringement."  Form 18 reads,

in its entirety,

**(Caption--See Form 1.)**

1. (Statement of Jurisdiction--See
Form 7.)

2. On _date_, United States Letters
Patent No. _____ were issued to
the plaintiff for an invention in
an _electric motor_. The plaintiff
owned the patent throughout the
period of the defendant's
infringing acts and still owns the
patent.

3. The defendant has infringed and
is still infringing the Letters
Patent by making, selling, and
using _electric motors_ that embody
the patented invention, and the
defendant will continue to do so
unless enjoined by this court.

4. The plaintiff has complied with
the statutory requirement of
placing a notice of the Letters
Patent on all _electric motors_ it
manufactures and sells and has
given the defendant written notice
of the infringement.

Therefore, the plaintiff demands:

(a) a preliminary and final
injunction against the continuing
infringement;

(b) an accounting for damages; and

(c) interest and costs.

**(Date and sign--See Form 2.)**

FRCP Form 18.   In *Bill of Lading*, the Federal Circuit concluded,
"[T]o the extent the parties argue that *Twombly* and its progeny
conflict with the Forms and create differing pleadings
requirements, the Forms control." *Bill of Lading*, 681 F.3d at
1334.  "Thus, whether [a] complaint[] adequately plead[s] direct
infringement is to be measured by the specificity required by
Form 18." *Id.*

Specifically, the Federal Circuit wrote, "Appellees'
arguments all focus on whether the amended complaints'
allegations of direct infringement contain sufficient factual
detail to withstand attack under *Twombly* and *Iqbal*." *Id.* at
1335.  "In essence, the Appellees argue that the amended
complaints are deficient because they do not describe precisely
how each element of the asserted claims are practiced by their
customers.  When compared to the requirements of Form 18, this
argument is premised on a pleading standard that is too
stringent." *Id.*  "As we held in *McZeal*, Form 18 and the Federal
Rules of Civil Procedure do not require a plaintiff to plead
facts establishing that each element of an asserted claim is met.
Indeed, a plaintiff need not even identify which claims it
asserts are being infringed." *Id.* (citing *McZeal v. Sprint
Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007)).

Here, AT&T claims that Prism's complaint is inadequate
because Prism does not state which of the claims of each patent

-6-

are allegedly being infringed upon by AT&T (Filing No. 28, at 3).

However, this argument fails because Form 18 does not require

Prism to identify specific patent claims in its complaint. *Bill

of Lading*, 681 F.3d at 1335.

However, AT&T also states that Prism's recitation of

AT&T's offending products and/or methods is too broad, citing

paragraphs 12 and 16 of the complaint. AT&T cites several cases

that decry a complaint's description of a "whole host of AT&T

products and methods that fall under the broad umbrella of

'wireless products and data services,'" rather than specifically

identified products (Filing No. 28, at 6). AT&T states,

"Without knowing which products Prism is accusing of

infringement, AT&T has to evaluate its entire product portfolio

relative to each of the 279 claims of the Patents-in-Suit to

guess which, if any, of its products might be accused of

infringement." (*Id.*, at 7). AT&T claims that this lack of

detail creates difficulties in framing a defense:

> Had Prism performed any pre-suit
> investigation, it certainly would
> have information concerning which
> of AT&T's products it believes
> infringe upon which of its 279
> claims. Prism's vacuous Complaint
> has left AT&T without any
> meaningful guidance about what is
> at issue. It also prevents AT&T
> from intelligently responding to
> Prism's pleading, issuing
> appropriately-tailored document
> preservation notices, beginning to
> collect pertinent discovery

> materials for production, and
> otherwise preparing its defense.

(Filing No. 28, at 8).

In response, Prism cites Judge Gerrard's opinion denying a motion to dismiss the patent infringement claim in *VoiceFill, LLC v. W. Interactive Corp.*, 8:11-CV-421, 2012 WL 1949378 (D. Neb. May 29, 2012).  Prism claims that *VoiceFill* supports its contention that Prism's complaint satisfies the requirements of Form 18.  However, the Court notes that the complaint in *VoiceFill* includes over five pages of detailed allegations, so *VoiceFill* is distinguishable on the facts.

In addition, Prism cites several cases that it claims support the contention that "[a] plaintiff is allowed to broadly plead infringement, especially where it is pervasive as is AT&T's network access control, which is central to AT&T's ability to control access to (and thereby monetize) its network" (Filing No. 35, at 13).  For example, in *Bender v. Broadcom Corp.*, C 09-1147 MHP, 2009 WL 3571286 (N.D. Cal. Oct. 30, 2009), the court accepted a complaint that specifically named "most or all of the defendant's products," such that the court commented that "there is nothing inherently implausible about an allegation that a large number of a defendant's various product lines infringe the patent when those product lines may be expected to have certain basic components, i.e., computer chips, in common and the patent claims technology relating to those components."  *Bender*, 2009 WL

-8-

3571286, at *4.  However, here, Prism has not named any of the "various wireless products" at all.

Prism also cites *Bender v. LG Electronics U.S.A., Inc.*, C 09-02114 JF (PVT), 2010 WL 889541 (N.D. Cal. Mar. 11, 2010), for the proposition that "allegations of patent infringement based on product lines have been held sufficient to state a claim" (Filing No. 35, at 13).  However, Prism neglects the remainder of the opinion, in which the court granted the motion to dismiss with leave to amend, stating,

> "While the Court recognizes the lack of complete uniformity in recent district court authority it finds persuasive those decisions requiring enough specificity to give the defendant notice of what products or aspects of products allegedly infringe . . . .  As several courts have noted, it is difficult to reconcile the guidelines set forth in *Twombly* and *Iqbal* with Form 18.  The court in [*Elan Microelectronics Corp. v. Apple, Inc.*, C 09-01531 RS, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009)] reasoned that Form 18 is not intended to cover all manners of patent infringement, in that it "only provides an example of how direct patent infringement may be alleged . . . ."  2009 WL 2972374, at *2.  Similarly in [*Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003)], the court explained that the example in Form 18 is "limited to a single 'type' of product" and "simply does not address a factual scenario" involving a multitude of

> allegedly infringing products. [*See* 2003 WL 23884794, at *1.]"

*LG Electronics*, 2010 WL 889541, at *5.

Prism accuses AT&T's "various wireless products and data services" of infringement.  The Court finds that the term "wireless products" is considerably more generic than the term "electric motor" as identified in Form 18.  With regard to "data services," Prism does name two exemplars, the "DataConnect Plans" and the "DataPro Plans."  Nevertheless, the Court notes AT&T's contention that "Prism makes vague allegations that 'various wireless products and data services' infringe the patents.  This allegation is so vague that it encompasses essentially AT&T's entire business, leaving AT&T with no notice as to how it allegedly infringes" (Filing No. 36, at 7).  The Court agrees that Prism's accusation is too broad, such that it does not satisfy Form 18 standards.  The Court will not require Prism to "prove its entire case at the pleading stage" (Filing No. 35, at 7), but Prism must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Hamilton*, 621 F.3d at 817.

## IV. Indirect Infringement.

"Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement."  *Bill of Lading*, 681 F.3d at 1336.  "In other words, because Form 18 addresses only direct infringement,

we must look to Supreme Court precedent [*Twombly* and *Iqbal*] for guidance regarding the pleading requirements for claims of indirect infringement."  *Id.* at 1337.

>    **A.  Induced Infringement**.  "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b).  "Liability under § 271(b) 'requires knowledge that the induced acts constitute patent infringement.'" *Bill of Lading*, 681 F.3d at 1339 (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 135 S.Ct. 2060, 2068 (2011)).  "To survive [a] motion to dismiss, therefore, [the] complaint[] must contain facts plausibly showing that [defendants] specifically intended their customers to infringe the . . . patent and knew that the customer's acts constituted infringement." *Bill of Lading*, 681 F.3d at 1339.

>    AT&T argues that "Prism's Complaint does not identify anyone other than AT&T as practicing any claim of either patent, and so both the Court and AT&T are left to make inferences and speculate as to whose direct infringement AT&T has allegedly induced" (Filing No. 36, at 8).  Moreover, "Prism's Response suggests that the filing of the Complaint itself shows that AT&T had knowledge of the patent and intent to infringe, at least from that point onward. . . .  Prism should be required to explicitly include that allegation in its Complaint" (*Id.* at 9).  The Court

agrees that Prism's complaint is deficient as to pleading induced infringement.

### B. Contributory Infringement.

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Bill of Lading*, 681 F.3d at 1337. Again, the Court agrees with AT&T that Prism has, at best, merely hinted at factual allegations of contributory infringement and that this cannot satisfy the plausibility standard required in a complaint. The bare factual allegations in Prism's complaint as to contributory infringement, such as they are, do not meet the standards set down by *Twombly* and *Iqbal*.

-12-

**V.   Joint Infringement**.

        In its opening brief supporting its motion to dismiss,
AT&T does not make any argument specifically regarding Prism's
allegations of joint infringement in the complaint (Filing No.
28).  Prism briefly refers to the adequacy of its joint
infringement allegations in its brief in opposition, but does not
address the issue directly (Filing No. 35, at 5, 11, and 12).
However, AT&T makes new arguments in its reply brief as to
Prism's joint infringement allegations (Filing No. 36, at 8).

        Because AT&T did not address joint infringement in its
opening brief, thus giving notice to Prism to respond, the Court
does not reach any decision as to the adequacy of Prism's joint
infringement allegations.

**VI.  Conclusion**.

        Prism requests that in the event the Court finds the
complaint to be inadequately pled, the Court grant Prism leave to
amend the complaint.  The Court will grant Prism's request.
Accordingly,

        IT IS ORDERED that AT&T's motion to dismiss (Filing No.
27) is granted, as follows:

        1) Prism will file an amended complaint with the Court
setting forth adequate infringement allegations on or before
September 21, 2012;

-13-

2) Should Prism fail to file a timely amended complaint, this action will be dismissed; and

3) AT&T's request for oral argument is denied as moot.

DATED this 6th day of September, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court