IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PRISM TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV122 |
| | ) | |
| v. | ) | |
| | ) | |
| AT&T MOBILITY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| PRISM TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV123 |
| | ) | |
| v. | ) | |
| | ) | |
| SPRINT SPECTRUM L.P., | ) | |
| d/b/a SPRINT PCS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| PRISM TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV124 |
| | ) | |
| v. | ) | |
| | ) | |
| T-MOBILE USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |
| PRISM TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV125 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES CELLULAR | ) | |
| CORPORATION, d/b/a U.S. | ) | |
| CELLULAR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

```
PRISM TECHNOLOGIES, LLC,       )
                               )
            Plaintiff,         )      8:12CV126
                               )
      v.                       )
                               )
CELLCO PARTNERSHIP d/b/a       )      MEMORANDUM AND ORDER
VERIZON WIRELESS,              )
                               )
            Defendant.         )
_____)
```

       This matter is before the Court on the joint motions for protective order governing the disclosure and use of discovery materials filed pursuant to Federal Rule of Civil Procedure 26(c) (Filing No. 59 in 8:12CV122, Filing No. 58 in 8:12CV123, Filing No. 55 in 8:12CV124, Filing No. 54 in 8:12CV125, and Filing No. 59 in 8:12CV126).  These patent cases are brought by plaintiff Prism Technologies LLC ("Prism") against AT&T Mobility LLC, Sprint Spectrum L.P., T-Mobile USA, Inc., United States Cellular Corporation, and Cellco Partnership d/b/a Verizon Wireless (collectively, "Defendants").

       In all five cases, the parties have already agreed to be bound by terms similar to those of the protective order adopted by this Court in *Prism Technologies LLC v. Adobe Systems Inc.*, 8:10CV220 ("the Adobe Action").  While many of the terms of the parties' proposed protective order are not in dispute, the parties have submitted a joint brief identifying areas of disagreement and an index of evidence disclosing the parties' proposed provisions (Filing No. 60 in 8:12CV122, Filing No. 59 in

-2-

8:12CV123, Filing No. 56 in 8:12CV124, Filing No. 55 in 8:12CV125, and Filing No. 60 in 8:12CV126) ("Joint Brief") (*See also* Ex. 3 to Filing No. 61 in 8:12CV122, Filing No. 60 in 8:12CV123, Filing No. 57 in 8:12CV124, Filing No. 56 in 8:12CV125, and Filing No. 61 in 8:12CV126 ("Proposed Order")). The Court rules on the disputed provisions of the proposed protective order as follows.

I. **Applicable Law**.

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The rule particularly allows for an order

> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
> (E) designating the persons who may be present while the discovery is conducted; . . . [and]

> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way
> . . . .

Fed. R. Civ. P. 26(c)(1). "[T]he federal rules 'confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

"Denial or grant of access [to confidential information] . . . cannot rest on a general assumption that one group of lawyers are more likely or less likely inadvertently to breach their duty under a protective order." *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). Rather, "the factual circumstances surrounding each individual counsel's activities, association, and relationship with a party, whether counsel be in-house or retained, must govern any concern for inadvertent or accidental disclosure." *Id*.

Nevertheless, courts have expressed particular concern for a counsel who engages in "competitive decisionmaking," a phrase that "would appear serviceable as shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design,

-4-

etc.) made in light of similar or corresponding information about a competitor." *U.S. Steel Corp.*, 730 F.2d at 1468 n.3. "However, since the *U.S. Steel Corp.* decision, courts have found that a person can still be a 'competitive decisionmaker' under the Federal Circuit's definition even when not representing a competitor." *ST Sales Tech Holdings, LLC v. Daimler Chrysler Co., LLC*, CIV.A. 6:07-CV-346, 2008 WL 5634214, at *6 (E.D. Tex. Mar. 14, 2008). For example, in that case, the court wrote, "[I]t is somewhat disingenuous to argue Sales Tech is not Defendants' competitor simply because Sales Tech is in the business of acquiring and enforcing patents, while Defendants manufacture and design automobiles." *Id.* "Plaintiff and Defendants all seek to utilize, in one manner or another, intellectual property as part of a business model for pecuniary gain." *Id.*

Since excluding confidential information from the eyes of a "competitive decisionmaker" has its own ill effects for that party, courts use a balancing test and consider factors including

> (1) whether the person receiving the confidential information is involved in competitive decision making or scientific research relating to the subject matter of the patent, (2) the level of risk of inadvertent disclosure of proprietary information, (3) the hardship imposed by the restriction, (4) the timing of the

>             remedy, and (5) the scope of the
>             remedy.

*Id.* at \*2.

## II.  Areas of Dispute.

**A.  Disclosure of Defendants' Protected Materials Relative to Each Other - Paragraphs 6, 8(c), and 30**. "The first dispute between the parties relates to whether Prism's experts may rely on all information produced by any Defendant . . ." (Joint Brief at 4).  "Under Prism's proposal, Prism's experts may consider and include in their experts' reports against each of the Defendants all relevant information obtained from Defendants" (*Id.*).  Prism states, "Under Prism's proposal, such reports will be designated Highly Confidential Attorneys' Eyes Only ('AEO'). Thus, one Defendant's information would *not* be shared with another Defendant (as argued by Defendants) – only Defendants' outside counsel and experts"  (*Id.* at 5 (footnote omitted)).

Prism states that "the collective information obtained from these Defendants (which represents the majority of the market share for the wireless data service industry) is highly relevant to establishing the value of Prism's patented technology, and thus to the parties' damages claims" (*Id.* at 4). In addition, "Defendants' proposal would effectively limit Prism from using information that it could have obtained through third-party subpoenas under the Federal Rules of Civil Procedure

(e.g., Rule 45)" (*Id.* at 5). Prism states that Defendants "want to preemptively limit Prism from obtaining and using third party discovery it is entitled to under the Federal Rules" (*Id.*).

Defendants, on the other hand, state that they "are direct competitors and, in some instances, adverse to one another in separate lawsuits. Defendants do not want to see each other's Protected Materials [as defined in the proposed protective order], and do not want their Protected Materials disclosed to the other Defendants" (*Id.* at 6). Defendants state that they "are simply requesting that the producing Defendant be given the opportunity to consent before its Protected Material is disseminated to its direct competitors" (*Id.* at 7).

Responding to Prism's concern about Rule 45, Defendants state that Prism "ignores the fact that Rule 45 grants third parties the opportunity to review and object to discovery requests before producing information. . . . As with Rule 45, Defendants' proposal simply gives the producing Defendant the opportunity to review and object before Prism uses its Protected Materials in another case" (*Id.* at 8-9 (citing Fed. R. Civ. P. 45(c))). Defendants state that under their proposed language, "Prism's outside counsel will have full access to all of the documents produced by each of the Defendants and need only obtain the producing Defendant's consent, which will not be unreasonably

withheld, before using those documents in the other actions" (*Id.* at 8).

The Court agrees that "Defendants' proposed Protective Order reasonably allows each Defendant to control the disclosure of its confidential information to its direct competitors without [unduly] interfering with Prism's ability to prosecute its case" (*Id.* at 9). Accordingly, the Court will adopt Defendants' proposed language for paragraphs 6 and 30, and the Court will not adopt Prism's additional language for paragraph 8(c).

### B. Access to Attorney Eyes' Only Information - Paragraph 8(b) and 33.

#### 1. Paragraph 8(b): Access by In-House Counsel.

Prism's in-house counsel, Andre Bahou, is also Prism's Vice President and Chief Intellectual Property Officer. Thus, Defendants state that Mr. Bahou is "actively engaged in Prism's primary business: the management, licensing, and acquisition of technology" (Joint Brief, at 14 (citation omitted)). Prism does not appear to contest this statement. Defendants assert that Mr. Bahou is a "competitive decisionmaker" who must then be denied access to Attorney Eyes Only information, even though he is also Prism's in-house counsel.

Defendants state, "Allowing Prism's in-house counsel access to Defendants' highly confidential information would expose the Defendants to the risk that their information would be

inadvertently disclosed" (Joint Brief, at 15). "This information can easily be used, even unwittingly, to aid Prism in determining what kinds of patents to acquire, which companies to sue in future litigation, and the price of licenses or litigation settlements" (*Id*.). Consequently, Defendants propose "that [only] two in-house counsel should have access to any license agreements to the patents-in-suit, including settlement agreements, that are marked as Highly Confidential – Attorneys' Eyes Only," and that only "in-house counsel who are responsible for managing this litigation, and who are not involved in competitive decision-making may obtain such access" (*Id.* at 15-16).

Prism prefers a provision as adopted in the Adobe Action that does not make any distinction about competitive decisionmakers. Prism notes that Defendants' proposal effectively allows in-house counsel for Defendants access that would be denied Mr. Bahou, but Prism does not seem to suggest that Defendants' in-house counsel themselves should be considered competitive decisionmakers.

Considering the factors suggested by *ST Sales Tech*, the Court first finds that Mr. Bahou, Prism's Vice President and Chief Intellectual Property Officer, is a competitive decisionmaker such that a significant risk exists that Defendants' proprietary information could be inadvertently

-9-

disclosed and used against them in the future. The Court notes that this action is in the very early stages where discovery has not yet begun and that Prism has from the beginning retained able outside counsel that will presumably represent Prism for the extent of the litigation. Thus the Court finds that the denial of access to Attorney Eyes Only information to Mr. Bahou is appropriate, and the Court will adopt Defendants' proposal for paragraph 8(b).

        **2. Paragraph 33: Archival Copies of Litigation Materials**. Prism requests that after this litigation is concluded, each party may retain archival copies of documents containing protected materials, still subject to the terms of the protective order. Defendants object, stating that "Prism's version of the proposed Protective Order would allow Prism's outside counsel and *Prism itself* to retain such archival copies" (Joint Brief, at 16). "Thus, under its proposal, Prism itself could retain and ultimately review Highly Confidential – Attorney's Eyes Only Material after the conclusion of the litigation, regardless of whether it could access such information during the litigation" (*Id.*). The Court will adopt Defendants' additional language for paragraph 33.

        **C. Access to Source Code - Paragraphs 9(b) and 9(c)(iii)**. With regard to source code, Prism makes two propositions: "[I]f Prism's independent expert is restricted to

reviewing the source code at the offices of Defendants' Omaha local outside counsel, then Defendants' independent experts should also be restricted to viewing the source code under the same conditions" (Joint Brief, at 17).  Therefore, Prism proposes the following paragraph 9(b):  "Regardless of the means of production of source code as specified in section 9(a), outside experts for the Producing Party and Receiving Party shall be limited to the same method and means for reviewing source code" (Proposed Order, at 9).

Similarly, Prism states, "Prism has the fair and reasonable position in guaranteeing that experts have the same access to the relevant evidence" (Joint Brief, at 17).  "For example, should Defendants elect to directly produce source code to their own independent experts as printed materials, Prism's proposal requires Defendants to provide Prism's independent expert with printouts of the same source code" (*Id.*).  Thus, Prism proposes the following paragraph 9(c)(iii):  "Any sections/electronic images of source code printed by or on behalf of the Producing Party for the Producing Party's outside experts or consultants shall also be produced to the Receiving Party marked with Bates-numbers and the legend "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" (Proposed Order, at 11).

Defendants state, "[T]o the extent the experts rely on source code, they will be required to include it in their report.

*See* Fed. R. Civ. P. 26(a)(2). But to the extent they do not rely on or consider the provided materials, such materials are exempt from disclosure" (Joint Brief, at 19). But Defendants do not explain how an expert could analyze source code and then make the determination not to include it in the expert report without "relying" on the source code.

The Court finds Prism's proposals reasonable in that they provide for equal access to source code by experts for Prism and for Defendants. While Defendants own the source code and have a strong interest in protecting their own trade secrets, reasonable access must be provided to Prism and its experts for the purposes of litigation. The Court will adopt the additional language proposed by Prism for paragraphs 9(b) and 9(c)(iii).

**D. Acquisition and Assertion Bar - Paragraph 23**. As presently agreed by the parties, paragraph 23, "Restriction on Patent Prosecution," contains a "prosecution bar" that states that anyone who views

> "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL ONLY" materials of any Producing Party shall not, for the duration of these actions and a period of one (1) year following final resolution of the Producing Party's action (including any appeals), draft, supervise or assist in drafting, amending or prosecuting any patent claims or patent specifications (or reissues thereof) which are directed to technology disclosed in

-12-

>           any "HIGHLY CONFIDENTIAL –
>           ATTORNEYS' EYES ONLY" or "HIGHLY
>           CONFIDENTIAL SOURCE CODE – OUTSIDE
>           COUNSEL ONLY" information actually
>           received, including any
>           reexaminations, reissues, or other
>           pre- or post-grant proceedings
>           before the United States Patent &
>           Trademark Office ("PTO").

(Proposed Order, at 24). Defendants also propose an "acquisition and assertion bar" such that "individuals who obtain access to Defendants' most sensitive technical information should be barred for one year from advising any client on acquiring patents and then suing Defendants (or related entities) for infringement related to the very information the individual has access to as a result of this litigation" (Joint Brief, at 25 (footnote omitted)).

The Court notes that for the three actions brought by Prism before this Court, *Prism Technologies LLC v Research in Motion, LTD*, 8:08CV537, the Adobe Action, and the present action, Prism has used three different outside law firms (though not different outside local counsel).[1] While this does not guarantee that Prism will continue to retain different law firms for each action it commences in the future, history so far suggests that the confidential information acquired in one action could not spill over into the next by virtue of disclosure by outside lead

---

[1] Likewise, two of the present defendants have retained the same outside local counsel as two of the defendants in the Adobe Action.

counsel.  In addition, since Mr. Bahou has been considered a competitive decisionmaker, he will not have access to the Attorney Eyes Only material in any event.

The Court will not add an acquisition and assertion bar to the prosecution bar that already exists.  Therefore, the Court will not adopt Defendants' additional language for paragraph 23.  Accordingly,

IT IS ORDERED that the joint motions for protective order governing the disclosure and use of discovery materials (Filing No. 59 in 8:12CV122, Filing No. 58 in 8:12CV123, Filing No. 55 in 8:12CV124, Filing No. 54 in 8:12CV125, and Filing No. 59 in 8:12CV126) are granted to the extent described above.  The parties shall submit to the Court an amended Proposed Order incorporating the decisions of this Court as delineated herein by January 15, 2013.

DATED this 8th day of January, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court