IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PRISM TECHNOLOGIES LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AT&T MOBILITY, LLC, )<br>)<br>Defendant. )<br>_____) | 8:12CV122<br><br><br><br><br>ORDER | |
| PRISM TECHNOLOGIES LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPRINT SPECTRUM L.P., )<br>d/b/a SPRINT PCS, )<br>)<br>Defendant. )<br>_____) | 8:12CV123 | |
| PRISM TECHNOLOGIES LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>T-MOBILE USA, INC., )<br>)<br>Defendant. )<br>_____) | 8:12CV124 | |
| PRISM TECHNOLOGIES LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES CELLULAR )<br>CORPORATION, d/b/a U.S. )<br>CELLULAR, )<br>)<br>Defendant. )<br>_____) | 8:12CV125 | |

```
PRISM TECHNOLOGIES LLC,      )
                             )
          Plaintiff,         )           8:12CV126
                             )
     v.                      )
                             )
CELLCO PARTNERSHIP d/b/a     )
VERIZON WIRELESS,            )
                             )
          Defendant.         )
_____)
```

This matter is before the Court on four related motions: first, the motions of plaintiff, Prism Technologies, L.L.C. ("Prism") (Filing No. 134 in 8:12CV122; Filing No. 136 in 8:12CV123; Filing No. 144 in 8:12CV124; Filing No. 131 in 8:12CV125; and Filing No. 135 in 8:12CV126), each with supporting briefs and indices of evidence for entry of a proposed scheduling order; second, the defendants' cross motions (Filing No. 143 in 8:12CV122; Filing No. 145 in 8:12CV123; Filing No. 155 in 8:12CV124; Filing No. 140 in 8:12CV125; and Filing No. 141 in 8:12CV126) with supporting briefs; third, the defendants' motion for a limited stay in discovery; and fourth, Prism's motion to compel (Filing No. 137 in 8:12CV122; Filing No. 139 in 8:12CV123; Filing No. 134 in 8:12CV125; and Filing No. 138 in 8:12CV126), with supporting briefs and indices of evidence to compel the defendants to comply with Prism's discovery requests.  The defendants filed responsive briefs and indices of evidence

opposing Prism's motion to compel. The Court will adopt Prism's proposed progression schedule order, the motion to compel will be dismissed without prejudice at this time, and the Court will order the parties to meet and confer regarding these discovery disputes.

## I. Background

Prism alleges infringement of three patents, U.S. Patent No. 7,290,288, U.S. Patent No. 8,127,345, and U.S. Patent No. 8,387,155 by the defendants, AT&T Mobility L.L.C., Sprint Spectrum L.P., T-Mobile U.S.A., Inc., United States Cellular Corporation d/b/a U.S. Cellular, and Cellco Partnership d/b/a Verizon Wireless (collectively the "defendants").

On July 2, 2013, the Court held a *Markman* hearing. Following that hearing, the Court issued an order (Filing No. 132) and adopted the defendants' definition of the term "Internal Protocol network." The defendants assert that this definition is dispositive and therefore want the Court to enter a scheduling order which allows for the parties to file for summary judgment and move into full discovery later if such discovery is necessary (Filing No. 144, at 4-8). Prism, however, wishes to pursue full discovery and allow summary judgment motions on all possible issues (Filing No. 134, at 12-13). Furthermore, the defendants

have requested a temporary, limited stay on discovery and Prism has filed a motion to compel.

**II. Schedule**

After reviewing the proposed scheduling orders and the Court's schedule, the Court adopts the following Schedule:

| DATE | EVENT |
|---|---|
| **February 14, 2014** | Close of fact discovery |
| **March 28, 2014** | Opening Expert Witness Reports |
| **May 9, 2014** | Rebuttal Witness Reports |
| **June 6, 2014** | Close of Expert Discovery |
| **June 20, 2014** | Opening briefs for summary judgment, *Daubert*, and *in limine* motions |
| **July 11, 2014** | Responsive briefs for summary judgment, *Daubert*, and *in limine* motions |
| **July 18, 2014** | Reply briefs for summary judgment, *Daubert*, and *in limine* motions |
| **August 1, 2014** | Exchange Deposition Designations, Witness Lists, and Exhibit Lists |
| **August 15, 2014** | Exchange Objections and rebuttal counter-designations |
| **September 12, 2014** | Exchange Objections and counter-designations to rebuttal designations |
| **September 25, 2014** | Parties submit Joint Final Pretrial Order |
| **To be determined** | Pretrial Conference |

| **October 3, 2014** | Parties submit Proposed Jury Instructions and Verdict Form |
|---|---|
| **October 10, 2014** | Parties submit objections to Proposed Jury Instructions and Verdict Form |
| **October 14, 2014** | First Trial |

**III. Motion to Compel**

With mild variation, Prism wishes for each defendant to produce the following discovery:

- complete and full interrogatory responses including Defendant's non-infringement contentions (or be precluded from making any arguments beyond what Defendant has already provided) within two weeks of the Court's order;

- complete their production of numerous categories of documents within two weeks of the Court's order;

- cooperate in completing E-discovery by working with Prism to identify potential custodians, search terms, and production of relevant E-Discovery;

- make witnesses available within a reasonable time after Defendant provides the relevant interrogatory responses and documents.

Though each defendant has unique issues with regards to Prism's discovery requests, four issues are common through each motion.

First, each defendant has reiterated its desire for the Court to limit discovery to non-infringement issues. Because the

-5-

Court will not temporarily limit discovery in anticipation of piecemeal summary judgment motions, the Court will not limit discovery to non-infringement issues.  The parties should meet and confer with discovery matters under that understanding and proceed in good-faith to complete discovery issues according to the Court's schedule.

Second, the defendants stated that Prism's objections to E-discovery and 30(b)(6) were premature.  Prism and several defendants have offered to meet and confer regarding Prism's requests and the Court finds that this solution is best for these issues.  When the parties meet and confer, the parties shall work together to resolve E-discovery and 30(b)(6) issues.

Third, the defendants asserted that Prism's motion to compel should be denied on the basis that Prism failed to comply with Nebraska Federal Court Rule 7.1(i), which states that a district court will not consider discovery motions until after the opposing parties meet in a personal consultation.  Though both Prism and the defendants accuse the other for the failure to meet and confer, this finger pointing is misplaced.  The purpose of this local rule is to curtail undue delay in administrative justice by allowing the parties to resolve these disputes without protracted motion practice.  This saves the parties and the Court valuable time.  The Court will dismiss Prism's motion to compel

without prejudice and orders the parties to meet and confer and to resolve these discovery disputes expediently.

### IV. Conclusion

The Court adopts the above scheduling order. The Court will order the parties to meet and confer regarding discovery issues and will deny Prism's motions to compel without prejudice. Accordingly,

IT IS ORDERED:

1) Plaintiff's and Defendants' motions for proposed progression schedule are denied.

2) Plaintiff's motions to compel are denied without prejudice at this time.

3) Defendants' motions for a stay in discovery are denied.

4) The parties shall meet and confer regarding the discovery disputes in accordance with this memorandum opinion.

DATED this 31st day of October, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court