IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
PRISM TECHNOLOGIES, LLC,      )
                              )
           Plaintiff,         )         8:12CV122
                              )
    v.                        )
                              )
AT&T MOBILITY, LLC,           )         MEMORANDUM AND ORDER
                              )
           Defendant.         )
_____)
```

This matter is before the Court on the defendant's motion to supplement its invalidity contentions (Filing No. 169) with a supporting brief (Filing No. 170). The plaintiff filed a brief objecting to the supplement (Filing No. 176) and corresponding index of evidence (Filing No. 177). The defendant then filed a responsive brief (Filing No. 186) and corresponding index of evidence (Filing No. 187). The motion will be granted.

I.   BACKGROUND

The plaintiff, Prism Technologies, L.L.C. ("Prism"), has brought a patent infringement action against the defendant, AT&T Mobility, L.L.C. The time has passed for the defendants to amend invalidity contentions without leave of the Court. AT&T must show "good cause" for supplementation. *See* Filing No. 68, 4-5.

AT&T wishes to add a prior art claim regarding Cellular Digital Packet Data ("CDPD") technology. Filing No. 170, at 1.

According to AT&T, CDPD "describes a cellular telephone system that allows users to download Internet data to their phones, and includes specifications for how to authenticate those users . . . [which] constitutes prior art." *Id.* AT&T claims they pursued CDPD information last year (Filing No. 186, at 1, Filing No. 187-1, at 1-2). However, the CDPD Forum, the entity which published CDPD specifications, no longer exists. AT&T tracked down Mark Taylor, a co-developer of the CDPD specification and former AT&T employee. Mr. Taylor produced the specifications in mid-December 2013. AT&T analyzed the documents, determined the specifications presented an important prior art argument, and notified Prism of its proposed supplemental materials January 13, 2014. *Id.* at 2.

II. LAW

In patent cases, the "good cause" standard controls whether a motion to supplement contentions. "Courts evaluating whether good cause exists focus on whether the moving party acted diligently when new evidence is revealed to the moving party in discovery." *Prism Technologies, L.L.C. v. Research in Motion, Ltd.*, No. 8:08CV537, 2010 WL 1254940, * 2 (D. Neb. Mar. 24, 2010) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006)). In evaluating whether a party acted diligently, the moving party must show the delay is attributable to something other than error. *Id.* (citing *Bd. of*

-2-

*Trs. of Leland Stanford, Jr. Univ. v. Roche Molecular Sys.*, No. C05-04158, 2008 WL 624771, at *3 (N.D. Cal. Mar. 4, 2008)). If the moving party has acted diligently, the Court must consider whether granting the motion will prejudice the non-moving party. *See O2 Micro Int'l Ltd.*, 467 F.3d at 1363.

III. ANALYSIS

The Court finds that AT&T acted diligently in supplementing the CDPD specifications and, therefore, good cause exists to supplement their invalidate contentions. During discovery, AT&T sought materials to support their legal positions and thereby discovered the CDPD specifications. These specifications are no longer published and were not uncovered by a global search for patents, so there is no doubt that the delay is attributable to something other than AT&T's error. Once AT&T discovered the CDPD, they acted promptly to evaluate it and notify Prism.

Having determined that AT&T has acted diligently in this case, the Court must determine whether Prism would be prejudiced by this supplement. The Court finds the supplement will not prejudice Prism in time or volume. Prism has time to counter this new information. Originally, factual discovery was slated to end February 14, 2014, which Prism argued prejudiced its cause. However, upon joint motion of the parties, the Court

has extended discovery and various other deadlines by a month. Prism has sufficient time to prepare for AT&T's invalidity contentions.

Also, Prism claims AT&T's supplement will impose unnecessary, additional documents in AT&T's voluminous prior art claims. Filing No. 176, at 4-5. The Court finds that, though the lateness of this new theory is regrettable, it was unavoidable. The quantity of AT&T's other prior art claims, and the size of the current prior art claim, do not unnecessarily prejudice Prism. Accordingly,

IT IS ORDERED that AT&T's motion to supplement its invalidity contentions is granted.

DATED this 19th day of February, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court