IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
PRISM TECHNOLOGIES LLC, : Civil Action No. 8:12-cv-122-LES-TDT
:
             Plaintiff, : Judge Lyle E. Strom
:
   v. :
:
AT&T MOBILITY LLC, :
:
             Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PLAINTIFF'S RESPONSE TO AT&T MOBILITY LLC'S MOTION TO COMPEL PLAINTIFF TO PROVIDE FURTHER RESPONSES TO AT&T'S REQUESTS FOR ADMISSION AND INTERROGATORY NO. 4**

Plaintiff Prism Technologies LLC ("Prism") opposes AT&T Mobility LLC's ("AT&T") motion to compel Prism to provide further responses to AT&T's requests for admission and Interrogatory No. 4. (ECF No. 196) (the "Motion"). Prism provided full and complete responses to both of these discovery items and, as a result, the Motion should be denied.

**I. PRISM ADEQUATELY RESPONDED TO AT&T'S REQUESTS FOR ADMISSION, WHICH IMPROPERLY SEEK TO SHIFT TO PRISM AT&T'S BURDEN OF AUTHENTICATING THIRD-PARTY DOCUMENTS.**

    A. <u>AT&T's Request That Prism Authenticate its Entire Document Production in a Single Response is Overbroad and Unduly Burdensome.</u>

AT&T propounded requests for admission that ask Prism to admit, in a single response, that <u>all</u> of the documents Prism produced in this litigation are authentic under Federal Rule of Evidence 901. (<u>See</u> AT&T's Index of Exhibits, Ex. B, Request Nos. 236, 238, 239 and 240). Prism produced approximately 28,777 documents (531,544 pages) in this matter, much of which originated from third-parties, such as defendants in other actions, and were neither created nor controlled by Prism. Asking Prism to respond to requests regarding and admit the genuineness

1

of this large volume of documents is unwarranted and unduly burdensome. See Oyaro v. Tuolumne Fire Dist., 2013 U.S. Dist. LEXIS 58849, at *1, *18 (E.D. Cal. April 23, 2013) (request to authenticate over 5,400 pages of documents "inappropriately placed the burden on Defendants to sift through the voluminous discovery in this action"). Plainly, AT&T could only use a very small fraction of these documents at trial.

AT&T incorrectly suggests that Prism is somehow in a better position to attest to the genuineness of its entire document production because Prism may have submitted some of these third-party documents to the Patent Office. Prism submitted these documents, which defendants in other actions alleged were prior art, to the Patent Office to comply with its duty of disclosure. AT&T's argument ignores that (i) it is AT&T's legal burden to establish the authenticity of documents it intends to rely upon; and (ii) Prism neither created nor controls most of these documents. (See AT&T's Br. Supp. Mot. Compel 3, ECF No. 197). Prism appropriately denied AT&T's all-encompassing and improper requests.

> B. It is AT&T's Burden to Authenticate the Third-Party "Prior Art" Documents it Intends to Rely Upon.

AT&T's Motion is an improper attempt to shift to Prism AT&T's burden of establishing the authenticity of third party documents it intends to rely upon at trial. Prism did not create and does not control the "prior art" documents AT&T seeks to authenticate. (See AT&T's Br. Supp. Mot. Compel 3, ECF No. 197). Rather, the documents were created by third-parties. Prism does not possess independent knowledge concerning the origin of these documents, and therefore cannot admit or deny their authenticity.

Fed. R. Civ. P. 36(a) permits a party to propound requests for admission as to the "genuineness of any described document." However, "a party cannot use Rule 36 to shift the burden of authenticating third-party documents to the opposing party." Adobe Sys. v.

2

Christenson, 2011 U.S. Dist. LEXIS 16977, at *1, *28 (D. Nev. Feb. 7, 2011) (citation omitted); Huber v. Zethros Ship Agent and Brokers, 2000 U.S. Dist. LEXIS 7634, at *1, *11 (E.D. La. May 26, 2000) ("The burden will be on [Plaintiff] at trial to authenticate any non-party document it seeks to introduce. [Plaintiff] may not, through sanctions, shift that burden to [Defendant].").

Prism performed a reasonable inquiry as to the genuineness of the "prior art" documents identified by AT&T as required by Rule 36. See Adobe v. Christenson, 2011 U.S. Dist. LEXIS 16977 at *15 ("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only of the party states it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."). Specifically, Prism performed Internet searches for each of the documents identified, and compared its results against the copies of the documents cited by AT&T and produced by the Joint Defense Group. (See Declaration of Cristina Martinez, dated March 21, 2014, ¶ 4). Thereafter, Prism responded to each request for admission by admitting or denying the information it was able to verify as a result of such investigation, such as the title of the document and the date the document bore. (Id.). Prism responded that it lacked sufficient knowledge as to the remainder of the request. (Id.); see Adobe v. Christenson, 2011 U.S. Dist. LEXIS 16977 at *21. ("A responding party's duty to investigate only requires that it [] make a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's relative control.").

Notably, AT&T's purported requests for "authenticity" ask Prism to do more than admit or deny the genuineness of documents, but use language that would even shift AT&T's burden of establishing whether a particular document is capable of constituting published prior art to Prism – which is an improper use of requests for admission. For example, AT&T does not merely ask

3

Prism to admit whether a document is genuine; rather, AT&T's requests include questions of law and fact such as:

- Whether documents are "true and correct cop[ies] of a printed publication (as the term 'printed publication' is used in 35 U.S.C. § 102) . . .";
- Whether documents were published as of a certain date; and
- Whether documents were "disseminated or otherwise available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence could have located it as of" certain dates.

(See e.g. AT&T's Index of Exhibits, Ex. B, Request Nos. 1-3). These questions go far beyond mere authenticity requests – but are legal elements of AT&T's invalidity defense insomuch as it is AT&T's burden to establish the authenticity and availability of prior art with clear and convincing evidence. Although requests for admission may call for legal conclusions, courts have denied efforts by parties to shift the burden of proving a legal element of a claim, such as the validity of a copyright, through requests for admission. See Adobe v. Christenson, 2011 U.S. Dist. LEXIS 16977 at *21 ("Plaintiff, however, has the burden of proving the validity of its copyrights and trademarks. It cannot shift that burden to Defendants by simply attaching a list of its alleged copyright or trademark registration numbers to its complaint, and then require Defendants to conduct an investigation to determine whether the referenced copyrights or trademarks do, in fact, exist and are valid.").

For these reasons, the Court should deny AT&T's Motion to compel Prism to provide further responses to AT&T's requests for admission.

## II. PRISM PROPERLY RESPONDED TO INTERROGATORY NO. 4 BY PROVIDING SECONDARY CONSIDERATIONS OF NONOBVIOUSNESS THAT APPLY TO ALL PRISM'S ASSERTED CLAIMS.

AT&T's request that Prism supplement its response to Interrogatory No. 4 for a fourth time is unnecessary. Interrogatory No. 4 asks for Prism's contentions as to the nonobviousness

of Prism's asserted claims. AT&T requests that this information be provided on a claim-by-claim basis. Prism provided ample facts in support of secondary considerations of nonobviousness and, contrary to AT&T's representation, voluntarily supplemented its response to Interrogatory No. 4 for a third time prior to AT&T's filing the Motion. (See Prism's Index of Evidence, Ex. A, Prism's Third Supplemental Response to Defendants' First Set of Common Interrogatories (1& 4)).

The requested claim-by-claim response is unnecessary because Prism's discussion of secondary considerations of nonobviousness specifically addresses the core elements that are found in all twenty of Prism's asserted claims: (i) a client computer with identity information; (ii) an access server; (iii) an authentication server with an associated database; and (iv) protected computer resources. Prism adequately described the nexus between these elements and the asserted secondary considerations of nonobviousness, including commercial success, long-felt need for the inventions and praise by others and industry recognition. Because it addresses these common elements, Prism's response applies to each of its asserted claims, and Prism will serve an expert report that will separately address the validity of each of Prism's claims. Further supplementation of Interrogatory No. 4 is unnecessary.

Accordingly, AT&T's Motion to compel Prism to further respond to Interrogatory No. 4 should be denied.

### III.  CONCLUSION.

For the foregoing reasons, Prism respectfully requests that this Court deny AT&T's motion to compel Prism to provide further responses to AT&T's requests for admission and Interrogatory No. 4.

Dated: March 24, 2014

Respectfully submitted,

By: *s/ Cristina Martinez*

| | |
|---|---|
| **Koley Jessen P.C., L.L.O.** | **Kramer Levin Naftalis & Frankel LLP** |
| Michael C. Cox, Esq. (17588) | Jonathan S. Caplan, Esq. |
| Daniel J. Fischer, Esq. (22272) | Mark A. Baghdassarian, Esq. |
| 1125 S. 103rd St., Suite 800 | Aaron M. Frankel, Esq. |
| Omaha, NE 68124 | Marcus A. Colucci, Esq. |
| Tel: (402) 390-9500 | Matthew W. Olinzock, Esq. |
| Fax: (402) 390-9005 | Cristina Martinez, Esq. |
| mike.cox@koleyjessen.com | Aakash B. Jariwala, Esq. |
| dan.fischer@koleyjessen.com | 1177 Avenue of the Americas |
| | New York, NY 10036 |
| | Tel: 212.715.9100 |
| | Fax: 212.715.8000 |
| | jcaplan@kramerlevin.com |
| | mbaghdassarian@kramerlevin.com |
| | afrankel@kramrelevin.com |
| | mcolucci@kramerlevin.com |
| | molinzock@kramerlevin.com |
| | cmartinez@kramerlevin.com |
| | ajariwala@kramerlevin.com |
| **Prism Technologies LLC** | **Kramer Levin Naftalis & Frankel LLP** |
| André J. Bahou, Esq. | Paul Andre, Esq. |
| Vice President & Chief IP Officer | Lisa Kobialka, Esq. |
| 878 Arlington Heights Dr., Suite 400 | William Hannah, Esq. |
| Brentwood, TN 37027 | 990 Marsh Road |
| Tel: (615) 712-6580 | Menlo Park, CA 94025 |
| Fax: (402) 578-1447 | Tel: 650.752.1700 |
| aj.bahou@prsmip.com | Fax: 650.752.1810 |
| | pandre@kramerlevin.com |
| | lkobialka@kramerlevin.com |
| | whannah@kramerlevin.com |
| *Attorney for Plaintiff* | *Attorneys for Plaintiff* |
| *Prism Technologies LLC* | *Prism Technologies LLC* |