IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PRISM TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV122 |
| | ) | |
| v. | ) | |
| | ) | |
| AT&T MOBILITY, LLC, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| PRISM TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV123 |
| | ) | |
| v. | ) | |
| | ) | |
| SPRINT SPECTRUM L.P., | ) | |
| d/b/a SPRINT PCS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| PRISM TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV124 |
| | ) | |
| v. | ) | |
| | ) | |
| T-MOBILE USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| PRISM TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV125 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES CELLULAR | ) | |
| CORPORATION, d/b/a U.S. | ) | |
| CELLULAR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

```
PRISM TECHNOLOGIES LLC,        )
                               )
            Plaintiff,         )         8:12CV126
                               )
      v.                       )
                               )
CELLCO PARTNERSHIP d/b/a       )
VERIZON WIRELESS,              )
                               )
            Defendant.         )
_____)
```

This matter is before the Court at the joint request of the plaintiff and the defendants for clarification of this Court's February 19, 2014, Order (Filing No. 190). The parties have opted to forego lengthy motion practice and instead offered two letters to the Court and discussed the matter with the Court via telephone conference. The issue is whether the Court limited the obviousness combinations when it ordered that the defendants were limited to "twenty (20) references (either obviousness or prior art) per defendant." After review of the prior motions, filings of the parties, and the Court's previous order, the Court recognizes the ambiguity of its Order. The Court adopts the defendants' position and clarifies it as follows.

IT IS ORDERED:

1) The previous order did not limit the obviousness combinations other than to combinations of those twenty (20) references.

2) The defendants shall elect twenty (20) anticipation references per defendant.

3) The defendants may utilize only those twenty references (20) to compose obviousness combinations.

DATED this 9th day of April, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court