IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
PRISM TECHNOLOGIES, LLC,        )
                                )
            Plaintiff,          )        8:12CV122
                                )
      v.                        )
                                )
AT&T MOBILITY, LLC,             )        MEMORANDUM AND ORDER
                                )
            Defendant.          )
_____)
```

This matter is before the Court on the motion of the defendant to compel discovery (Filing No. 196). The defendant has also filed an accompanying brief (Filing No. 197) and index of evidence (Filing No. 198). The plaintiff filed a reply brief (Filing No. 205) with an index of evidence (Filing No. 206) in opposition of the motion. The defendant has filed its reply brief (Filing No. 210). The Court will grant the motion in part and deny it in part.

I.  BACKGROUND

The plaintiff, Prism Technologies, L.L.C. ("Prism"), has brought a patent infringement action against the defendant, AT&T Mobility, L.L.C. ("AT&T"). Under Rule 37 of the Federal Rules of Civil Procedure, AT&T moves to compel Prism to admit the authenticity of certain documents and to describe in detail the secondary indicia of non-obviousness in Interrogatory number 4. Filing No. 196, at 2.

II.   LAW

Requests for admission may be served under Fed. R. Civ. P. 36(a) on matters related to, among other things, the genuineness of any described documents.  The purpose of Rule 36(a) is to expedite trial by eliminating the necessity of proving undisputed issues, thus narrowing the range of issues for trial.  *See Qausis v. Schwan Food Co.*, 596 F.3d 947, 959 (8th Cir. 2010).  It has long been held that a party has no right to categorically deny an allegation that it knows or believes to be true, for the sole purpose of forcing its adversary to bear the burden and cost of its proof.  *United States v. Long*, 10 F.R.D. 443 (D. Neb. 1950).  Moreover, when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify that part admitted and qualify or deny the rest.  Fed. R. Civ. P. 36(a)(4).  A requesting party may move to determine the sufficiency of an answer or objection to any request for admission, and on finding that an answer does not comply with the rules, the Court may order either that the matter is admitted or that an amended answer be served.  *See Praetorian Insurance Co. v. Site Inspection, LLC*, 604 F.3d 509 (8th Cir. 2010); Fed.R.Civ.P. 36(a)(6).

III. REQUESTS FOR ADMISSIONS.

In its Requests for Admissions ("RFAs"), AT&T asked the following four statements be admitted or denied:

> [RFA No. 236]: The documents produced by Prism are authentic under Federal Rule of Evidence 901;
>
> [RFA No. 238]: The documents produced by Prism are business records kept in the regular and ordinary course of Prism's business;
>
> [RFA No. 239]: The documents produced by Prism are business records created by a Prism employee or employees working within the scope of his or her employment when making the writing; and,
>
> [RFA No. 240]: The documents produced by Prism are true and correct copies of what they purport to be.

Filing 198-2, at 204-05. In addition, AT&T objects to Prism's categorical denial of prior art documents which Prism submitted to the patent office. Filing No. 197, at 3. Specifically, Prism denied knowledge of when Bates numbers JDG_PRISM_INV_0009666-JDG_PRISM_INV_0009807 ("JDG Documents") were published and Prism did not expressly admit or deny the truth of information disclosures Prism submitted to the United States Patent and Trademark Office ("PTO Documents"). Filing No. 198-2, RFA Nos. 122, 223, 224, 225, 226 and 233.

A. Burden of Authentication.

Under the Federal Rules of Evidence 901, for one to authenticate an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Here, AT&T has requested that Prism meet AT&T's burden for authenticating documents that AT&T may offer at trial. Although the Court has found anecdotal information regarding the practice of admitting authenticity in RFAs, the Court finds no authority to compel a party to admit the authenticity of documents which they produced during discovery. Fed. R. Evid. 901 cmt. a (1972). AT&T's motion regarding RFA No. 236 will be denied on this basis.

B. Overly Burdensome.

In addition, Prism objected to RFA Nos. 236, 238-240 on the basis that it would be unduly burdensome to review the thousands of documents on behalf of AT&T because AT&T made no reference for which documents it might offer at trial. The Court will deny At&T's motion regarding RFA Nos. 236, 238, 239 and 240. *See Hydro Eng'g, Inc. Petter Invs., Inc.*, No. 2:11-CV-139, 2013 WL 6621099, at *2 (D. Utah Dec. 16, 2013) (citations omitted).

C. Date of JDG Documents.

The Court finds that Prism sufficiently responded to AT&T's request as to when the JDG Documents were published. As

Prism stated, it did not publish the JDG Documents. Filing No. 198-2, at 107-08. Prism proffered that the JDG Documents were "approved 14 June 2001 . . . 25 October 2001;" however, Prism denied the RFA for lack of sufficient information. *Id.* Therefore, Prism sufficiently responded to the RFA and the Court will deny AT&T's motion regarding RFA No. 122.

D. PTO Documents.

In RFA Nos. 223-226, 233, AT&T asked Prism to admit that Prism supplied "true and correct copies of the references" Prism identified to the PTO. *Id.* at 193-95, 200. Prism stated that it "endeavored to provide true and accurate copies of the references Plaintiff identified to the PTO." The Court finds this response inappropriate. *Id.*

Under Fed. R. Civ. P 26, an answer must admit, deny or state in detail why the answering party cannot truthfully admit or deny it. AT&T asked Prism to admit the PTO documents were true and correct. Prism's "endeavors" to provide true and accurate documents are non-responsive. The Court will grant AT&T's motion regarding RFA Nos. 223, 224, 225, 226, 233. Prism will supplement its answers to these RFAs and those supplements will either admit, deny, or explain why Prism cannot answer those RFAs.

IV.  INTERROGATORY NO. 4

Finally, AT&T contends that Prism provided an insufficient response to Interrogatory No. 4.  Filing No. 196, at 4.  Since the filing of this motion to compel, Prism has provided a third supplemental response to Interrogatory No. 4; therefore, the motion to compel will be denied as moot.  Filing No. 208.

IT IS ORDERED:

1)  AT&T's motion regarding RFA Nos. 223, 224, 225, 226 and 233 is granted.  Plaintiff shall respond to those requests for admission by May 2, 2014.

2)  The remainder of AT&T's motion to compel is denied as moot.

DATED this 21st day of April, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court