```
           IN THE UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES LLC,        )
                               )
               Plaintiff,      )         8:12CV122
                               )
     v.                        )
                               )
AT&T MOBILITY, LLC,            )         MEMORANDUM AND ORDER
                               )
               Defendant.      )
_____)
```

This matter is before the Court on the motion of defendant AT&T Mobility LLC ("AT&T") for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) (Filing No. 247). AT&T has filed a corresponding brief (Filing No. 248) and index of evidence (Filing No. 249). Plaintiff Prism Technologies L.L.C. ("Prism") has filed a brief (Filing No. 277) in opposition to the motion.

Prism wishes to disclose to the Patent and Trademark Office ("PTO") commercial information that AT&T purportedly used in its expert report. Prism argues two points: AT&T's information is not confidential and the law requires Prism to disclose the information to the PTO. AT&T maintains that public disclosure of its trade secrets and business documents will cause irreparable harm to its business.

I.   LAW

> Rule 26 of the Federal Rules of Civil Procedure states:
>
>> A party . . . may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

Fed. R. Civ. Pro. Rule 26.  AT&T bears the burden to demonstrate good cause for issuance of the protective order.  *See Vishay Dale Electrs., Inc. v. Cyntec Co., Ltd.*, 8:07CV191, 2008 WL 4372765, *3 (D. Neb. Sept. 22, 2008) (citing *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999)).  A showing of good cause requires AT&T to make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements."  *Id.* (citing *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n.16 (1981)).  For good cause to exist, "the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted."  *Id.* (citing *Frideres v. Schiltz,* 150 F.R.D. 153, 156 (S.D. Iowa 1993).  The Court must also consider the relative hardship to Prism if the protective order is granted.

*Id.* (citing *Gen. Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir. 1973)).

Courts are guided by the "liberal federal principles favoring disclosure, keeping in mind the need to safeguard confidential information transmitted within the discovery process from disclosures harmful to business interests." *Id.* (citing *BASF Corp. v. United States,* 321 F. Supp. 2d 1373, 1378 (Ct. Int'l Trade 2004). "Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the disclosure of scientific information." *Id.* (citing *Andrx Pharms., LLC v. GlaxoSmithKline, PLC,* 236 F.R.D. 583, 586 (S.D. Fla. 2006). "The balance of relative hardships includes an assessment of any substantial detriment to a party caused by the inclusion or failure to include the protection at issue. *Id.* at *4 (citing *U.S. Steel Corp. v. United States,* 730 F.2d 1465, 1468 (Fed. Cir. 1984).

Section 1.56 of the Code of Federal Regulations ("CFR") places a duty on inventors, attorneys or agents, and those substantially involved in the prosecution of an application to deliver "all information known to that individual to be material to patentability" to the PTO. 37 C.F.R. § 1.56(a), (c). Section 1.56 also states that individuals other than the attorney, agent,

-3-

or inventor "may comply with this section by disclosing information to the attorney, agent, or inventor." 37 C.F.R. § 1.56(d). Manual of Patent Examining Procedure ("MPEP") Section 724 is largely based upon 37 C.F.R. § 1.56. *See* MPEP § 724.

II. DISCUSSION

After reviewing the parties' arguments and relevant case law, the Court finds AT&T has met its burden for granting a protective order. In addition, the Court will address some of Prism's arguments.

Prism has a patent currently being considered at the PTO; therefore Prism has a duty to disclose all known information. 37 C.F.R. § 1.56(a), (c). However, Prism does not know AT&T's trade secrets. Filing No. 277 at 5. Therefore, Prism is not obligated to share AT&T's confidential materials because that information falls outside of Section 1.56.

Furthermore, Prism suffers no harm from the protective order. Inequitable conduct requires "[a] breach of the duty to disclose [under 37 C.F.R. § 1.56] accompanied by an intent to deceive. . . ." *Nisus Corp. v. Perma-Chink Sys., Inc.*, 421 F. Supp. 2d 1084, 1102 (E.D. Tenn. 2006) (citing Li *Second Family Limited P'ship v. Toshiba Corp.*, 231 F.3d 1373, 1378 (Fed. Cir. 2000)). Prism does not have a duty to disclose AT&T's

confidential information to the PTO and its opposition to this motion evinces intent to disclose, not to deceive. Accordingly,

IT IS ORDERED that the defendant's motion (Filing No. 247) is granted.

DATED this 23rd day of July, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court