IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

14 SEP 17 AM 10: 56

OFFICE OF THE CLERK

------------------------------------x
:
PRISM TECHNOLOGIES LLC,             :
                                    :   Civil Action No. 8:12-cv-122-LES-TDT
            Plaintiff,              :
                                    :   Jury Trial Requested in Omaha
    v.                              :
                                    :   ▓▓▓▓▓▓ ORDER ON FINAL
AT&T MOBILITY, LLC,                 :   PRETRIAL CONFERENCE
                                    :
            Defendant.              :
                                    :
------------------------------------x

A final pretrial conference was held on the 17th day of September, 2014. Appearing for the parties as counsel were:

Jonathan S. Caplan and Aaron M. Frankel, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036, Paul Andre and Lisa Kobialka, Kramer Levin Naftalis & Frankel LLP, 990 Marsh Road, Menlo Park, CA 94025, André J. Bahou, Prism Technologies, LLC, 878 Arlington Heights Dr., Suite 400, Brentwood, TN 37027, and Daniel J. Fischer, Koley Jessen PC, 1125 S. 103rd St., Suite 800, Omaha, NE 68124 for Plaintiff Prism Technologies LLC ("Prism").

Steven M. Zager, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036; David Clonts, Akin Gump Strauss Hauer & Feld LLP, 1111 Louisiana Street, Houston, TX 77002; Kellie M. Johnson, Akin Gump Strauss Hauer & Feld LLP, 1700 Pacific Avenue, Suite 4100, Dallas, TX 75201; John P. Passarelli and Todd C. Kinney, Kutak Rock LLP, 1650 Farnam Street, Omaha, NE 68102 for Defendant AT&T Mobility, LLC.

(A)     **Exhibits**

Prism's proposed trial exhibit list, along with AT&T's objections, is provided as Attachment A. AT&T's proposed trial exhibit list, along with Prim's objections, is provided as Attachment B.

(B)     **Uncontroverted Facts**. The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1.  The lawsuit was filed on April 4, 2012.

2.  Plaintiff Prism is a limited liability company organized and existing under the laws of the State of Nebraska, with its principal place of business at 2323 S. 171st Street, Suite 106, Omaha, Nebraska 68130.

3.  Prism is the owner of U.S. Patent Nos. 8,127,345 ("the '345 Patent") and 8,387,155 ("the '155 Patent") (collectively "the Asserted Patents").

4.  The '345 Patent issued on February 28, 2012.

5.  The '345 Patent has an effective U.S. filing date of June 11, 1997.

6.  The '155 Patent issued on February 26, 2013.

7.  The '155 Patent has an effective U.S. filing date of June 11, 1997.

8.  Prism has not made, sold, or offered for sale any product covered by the patents-in-suit since the patents-in-suit issued.

9.  Defendant AT&T is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1025 Lenox Park Blvd., N.E., Atlanta, GA 30319-5309.

(C)     **Controverted and Unresolved Issues**. The issues remaining to be determined and unresolved matters for the court's attention are:

1. Prism's Claims as to AT&T:

    a. Whether AT&T is liable for direct infringement of claims 1, 33, 39, 50, 57, 70, 77 and 87 of the '345 patent.

    b. Whether AT&T is liable for contributory infringement of claims 1, 33, 39, 50, 57, 70, 77 and 87 of the '345 patent.

    c. Whether AT&T is liable for inducing infringement of claims 1, 33, 39, 50, 57, 70, 77 and 87 of the '345 patent.

    d. Whether AT&T is liable for direct infringement of claims 7, 11, 32, 37, 50, 56, 74, 75, 76 and 93 of the '155 patent.

    e. Whether AT&T is liable for contributory infringement of claims 7, 11, 32, 37, 50, 56, 74, 75, 76 and 93 of the '155 patent.

    f. If AT&T is found to infringe, the proper reasonable royalty to adequately compensate Prism for AT&T's infringement.

    g. If AT&T is found to infringe, whether Prism is entitled to a judgment and order requiring AT&T to pay Prism its costs, expenses, and pre- and post-judgment interest for its infringement of the Asserted Patents as provided under 35 U.S.C. § 284.

    h. If AT&T is found to infringe, whether Prism is entitled to a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Prism its reasonable attorneys' fees.

2. AT&T's Affirmative Defenses and Counter-claims against Prism:

    a. Whether AT&T does not and has not infringed claims 7, 11, 32, 37, 50, 56, 74, 75, 76 and 93 of the '155 patent and claims 1, 33, 39, 50, 57, 70, 77 and 87 of the '345 patent, either directly or indirectly.

    b. Whether claims 7, 11, 32, 37, 50, 56, 74, 75, 76 and 93 of the '155 patent and claims 1, 33, 39, 50, 57, 70, 77 and 87 of the '345 patent are invalid for failing to comply with the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

    c. Whether this case is an exceptional case pursuant to 35 U.S.C. § 285, and, if so, whether AT&T is entitled to an award of attorneys' fees.

    d. Whether AT&T is entitled to costs, and, if so, in what amount.

**(D)  Pending Motions**

- Plaintiff Prism Technologies LLC's Motion for Partial Summary Judgment of Infringement Regarding the Internet Protocol Network Claim Limitation (Dkt. No. 236);

- Plaintiff's Motion for Summary Judgment that the Client Computer Identity Claims are Entitled to a Conception Date of no Later than May 6, 1996 and Priority Date of June 11, 1997 (Dkt. No. 228);

- Plaintiff's Motion of Summary Judgment that the Asserted Claims are Valid Over CDPD (Dkt. No. 232);

- Defendant AT&T Mobility LLC's Motion for Summary Judgment of Non-Infringement (Dkt. No. 240);

- Plaintiff's Motion to Exclude the Expert Testimony of Defendant AT&T's Damages Expert Julie L. Davis (Dkt. No. 252);

- Defendants' Common Daubert Motion to Exclude Testimony of Prism's Expert Mr. John B. Minor (Dkt. No. 255);

- Defendants' Common Daubert Motion to Exclude Testimony of Prism's Damages Expert Mr. James E. Malackowski (Dkt. No. 261);

- Defendant AT&T Mobility LLC's Daubert Motion to Exclude the Opinions and Testimony of James E. Malackowski (Dkt. No. 266);

- Plaintiff's Motion to Strike Defendant's Untimely Fourth Amended Initial Disclosures and Belated Production of Other Fact Discovery (Dkt. No. 270);

- Defendant AT&T Mobility LLC's Motion for Leave to File a Sur-Reply to Plaintiff's Motion to Strike Defendant's Untimely Fourth Initial Disclosures and Belated Production of Other Fact Discovery (Dkt. No. 317);

- Defendant AT&T Mobility LLC's Motion for Leave to File a Sur-Reply to Plaintiff's Motion for Summary Judgment that the Client Computer Identity Claims are Entitled to a Conception Date of No Later than May 6, 1996 and a Priority Date of June 11, 1997 (Dkt. No. 345);

- Defendant AT&T Mobility LLC's Motion for Leave to File a Sur-Reply to Plaintiff Prism Technologies LLC's Memorandum of Law in Support of Its Motion for Summary Judgment that the Asserted Claims are Valid Over CDPD (Dkt. 349);

- Defendant ATT Mobility LLC's Motion for Leave to File Sur-Reply to Plaintiff's Motion to Exclude Testimony of Julie L. Davis (Dkt. No. 372);

- Plaintiff's Motions *in Limine* (Nos. 1-20) (Dkt. No. 388); and

- ATT Mobility LLC's Motions *in Limine* (Nos. 1-20) (Dkt. No. 391).

**(E)** **Trial Witnesses**. All trial witnesses, including rebuttal witnesses, expected to be called to testify by Prism, except those who may only be called for impeachment purposes as defined in NECivR 16.2(c), are listed in Attachment C. All trial witnesses expected to be called to testify by AT&T, except those who only may be called for impeachment purposes as defined in NECivR 16.2(c), are listed in Attachment D.

It is understood that, except upon a showing of good cause, no witness whose name does not appear on either Attachment C or D herein shall be permitted to testify over objection for any purpose, except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to

testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3).

Objections to Trial Witnesses:

Prism objects to AT&T's designation of Byron Neal as a live witness on the grounds of untimely disclosure, as set forth in Prism's brief in support of its Motion to Strike Defendant's Untimely Fourth Amended Initial Disclosures and Belated Production of Other Fact Discovery (Dkt. No. 270).

AT&T objects to Prism's reservation on its Trial Witness List that it may call any witness listed on AT&T's Trial Witness List. *Overruled*

The parties have filed various motions *in limine* that relate to proposed fact and expert witnesses (Dkt. Nos. 388, 391).

**(F)    Expert Witnesses' Qualifications**. Experts to be called by Prism and their qualifications are:

1.  David L. Lyon. Dr. Lyon's qualifications are identified in his curriculum vitae attached hereto as Attachment E-1.

2.  John B. Minor. Mr. Minor's qualifications are identified in his curriculum vitae attached hereto as Attachment E-2.

3.  James E. Malackowski. Mr. Malackowski's qualifications are identified in his curriculum vitae attached hereto as Attachment E-3.

Experts to be called by AT&T and their qualifications are:

4.  Dr. Paul Clark. Dr. Clark's qualifications are identified in his curriculum vitae attached hereto as Attachment F-1.

5. Dr. Henry Houh. Dr. Houh's qualifications are identified in his curriculum vitae attached hereto as Attachment F-2.

6. Dr. Itamar Simonson. Dr. Simonson's qualifications are identified in his curriculum vitae attached hereto as Attachment F-3.

7. Ms. Julie Davis. Ms. Davis' qualifications are identified in his curriculum vitae attached hereto as Attachment F-4.

**(G)** **Depositions**. Prism's and AT&T's designations of deposition excerpts they expect to offer as part of their case-in-chief or during rebuttal, along with the other side's objections and counter-designations, are respectively attached hereto as Attachments G and H. All admissible deposition counter-designation excerpts, whether offered by videotape or by transcript, will be introduced simultaneously in the sequence in which the testimony was originally given. The parties agree to edit out deposition objections and long pauses between the end of an answer and the start of the next question from the clips of the deposition designations to be played to the jury.

**(H)** **Voir Dire**. Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.1(a) and suggest the following with regard to the conduct of juror examination: the parties wish to be able to directly question the venire panel during voir dire, with 1 hour allotted to each side to voir dire the venire panel.

**(I)** **Number of Jurors**. Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1. Prism suggests that this matter be tried to a jury composed of eight (8) voting members; AT&T suggests that this matter be tried to a jury composed of twelve (12) voting members, consistent with the Court's statement at the telephonic hearing on May 30, 2014.

**(J)** **Verdict**. The parties will not stipulate to a less-than-unanimous verdict.

(K) **Briefs, Instructions, and Proposed Findings.** Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

The parties will file trial briefs, of no more than 15 pages, and proposed jury instructions no later than one week prior to the trial date. Since this case will be tried to a jury, the parties will not be submitting proposed findings of fact. *Judge's Copy of Trial Exhibit notebooks to be delivered to Judge Strom one week before trial.*

(L) **Federal Judicial Center Video:** The parties agree that the Federal Judicial Center video entitled "The Patent Process: An Overview for Jurors," published August 2013, will be shown to the jurors as part of the pretrial proceedings.

(M) **Length of Trial.** Prism's counsel estimates the length of trial will consume not less than 6 days, not more than 8 days, and probably about 7 days. AT&T's counsel estimates the length of trial will consume not less than 8 days, not more than 12 days, and probably about 10 days.

(N) **Trial Date.** Trial is scheduled for October 14, 2014.

(O) **Trial Disclosures:** The parties agree to the following schedule for trial disclosures:

At **6:00 PM** two days before each day of trial (e.g., Sunday night for a Tuesday trial day), each party will exchange by email the following for that trial day:

    a) a list of witnesses the party intends to call for direct examination;
    b) a list of trial exhibits for each witness it intends to present through direct examination; and
    c) a list of the deposition testimony it intends to introduce (either by video or through a reading of the transcript).

At **7:00 PM** the day before a day of trial (e.g., Monday night for a Tuesday trial day), each party will exchange by email the following for that trial day:

    d) copies of demonstratives to be used during direct examination; and

   e) identification of deposition counter-designations to be included when the other party introduces its identified deposition testimony.

At **9:00 PM** the day before a day of trial, the parties shall meet and confer regarding objections to witnesses, trial exhibits, deposition testimony and demonstratives. To the extent there are unresolved issues, the issues will be presented to the Court the following morning.

**(P)** **Copies of Demonstratives to be Used During Opening Argument or Closing Argument.** Prism proposes that the parties exchange demonstratives to be used during opening and/or closing arguments by 7:00 p.m. the day before the trial day they will be used, and a meet and confer at 9:00 p.m. that day regarding objections to those demonstratives. AT&T proposes the parties do not exchange demonstratives to be used during opening and/or closing arguments.

**(Q)** **Juror Questionnaire.** AT&T has proposed a juror questionnaire to expedite jury selection. Prism does not agree to use of a juror questionnaire as it will complicate jury selection and thus will not expedite jury selection. Prism also understands that juror questionnaires are not consistent with the practice of the Court. As a result, Prism has not offered comments on AT&T's proposed questionnaire. A copy of AT&T's proposed questionnaire is attached as Attachment I.

By: s/ Jonathan S. Caplan
**Kramer Levin Naftalis & Frankel LLP**
Jonathan S. Caplan, Esq.
Mark A. Baghdassarian, Esq.
Aaron M. Frankel, Esq.
Marcus A. Colucci, Esq.
Matthew W. Olinzock, Esq.
Cristina Martinez, Esq.
1177 Avenue of the Americas

New York, NY 10036
Tel: 212.715.9100
Fax: 212.715.8000
jcaplan@kramerlevin.com
mbaghdassarian@kramerlevin.com
afrankel@kramrelevin.com
mcolucci@kramerlevin.com
molinzock@kramerlevin.com
cmartinez@kramerlevin.com

**Kramer Levin Naftalis & Frankel LLP**
Paul Andre, Esq.
Lisa Kobialka, Esq.
William Hannah, Esq.
990 Marsh Road
Menlo Park, CA 94025
Tel: 650.752.1700
Fax: 650.752.1810
pandre@kramerlevin.com
lkobialka@kramerlevin.com
whannah@kramerlevin.com

**Koley Jessen P.C., L.L.O.**
Michael C. Cox, Esq. (17588)
Daniel J. Fischer, Esq. (22272)
1125 S. 103rd St., Suite 800
Omaha, NE 68124
Tel: (402) 390-9500
Fax: (402) 390-9005
mike.cox@koleyjessen.com
dan.fischer@koleyjessen.com

**Prism Technologies LLC**
André J. Bahou, Esq.
Vice President & Chief IP Officer
878 Arlington Heights Dr., Suite 400
Brentwood, TN 37027
Tel: (615) 712-6580
Fax: (402) 578-1447
aj.bahou@prsmip.com

*Attorney for Plaintiff*
*Prism Technologies LLC*

/s/ *Steven M. Zager* (by permission)
Steven M. Zager
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036-6745
Phone: (212) 872-1000
Fax: (212) 872-1002
szager@akingump.com

Kirt S. O'Neill
G. Andrew Rosbrook
**AKIN GUMP STRAUSS HAUER & FELD LLP**
300 Convent Street, Suite 1500
San Antonio, TX  78205
Phone:  (210) 281-7000
Fax: (210) 224-2035
koneill@akingump.com
arosbrook@akingump.com

James M. Sulentic, No. 19610
John P. Passarelli, No. 16018
**KUTAK, ROCK LAW FIRM**
1650 Farnam Street
Omaha, NE 68102-2186
Phone:  (402) 346-6000
Fax:  (402) 346-1148
james.sulentic@kutakrock.com
john.passarelli@kutakrock.com

David R. Clonts
Manoj S. Gandhi
Sarah J. Ring
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1111 Louisiana Street, 44th Floor
Houston, TX  77002-5200
Phone: (713) 220-5800
Fax: (713) 236-0822
dclonts@akingump.com
mgandhi@akingump.com
sring@akingump.com

Amanda R. Johnson
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Ave., N.W.|
Washington, DC 20036-1564
Phone: (202) 887-4000
Fax: (202) 887-4288
arjohnson@akingump.com

)

Kellie M. Johnson
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201-4624
Phone: (214) 969-2800
Fax: (214) 969-4343
kmjohnson@akingump.com

*Attorneys for Defendant*
*AT&T Mobility LLC*

9/17/14

BY THE COURT:

_____

)

)