IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,          )
                                  )
            Plaintiff,            )        8:12CV122
                                  )
      v.                          )
                                  )
AT&T MOBILITY, LLC,               )        MEMORANDUM AND ORDER
                                  )
            Defendant.            )
_____)

This matter is before the Court on a motion (Filing No. 228) for summary judgment filed under Federal Rule of Civil Procedure 56 by plaintiff Prism Technologies, L.L.C. ("Prism") against defendant AT&T Mobility L.L.C. ("AT&T"). Prism has filed a brief (Filing No. 231) and indices of evidence. AT&T has filed a brief (Filing No. 283) and indices of evidence in opposition. Prism has filed a final brief (Filing No. 327) in support of its motion. After review of the motions, briefs, submitted evidence, oral arguments, and relevant law, the Court finds as follows.

I.    BACKGROUND

A.    PATENTS

Originally, Prism alleged infringement of three asserted patents (Filing No. 1). Ultimately, Prism narrowed the scope of this action to two patents: U.S. Patent No. 8,127,345 ("Patent '345") and U.S. Patent No. 8,387,155 ("Patent '155") (Filing No. 1; Filing No. 242, 9; Filing No. 243-4, 3; Filing No.

243-5, 2).  Prism dropped its third asserted patent, U.S. Patent 7,290,288 ("Patent '288"), from this action (*Id.*).

The United States Patent and Trademark Office ("PTO") issued Patent '345, entitled "METHOD AND SYSTEM FOR MANAGING ACCESS TO PROTECTED COMPUTER RESOURCES VIA AN INTERNET PROTOCOL NETWORK," on February 28, 2012, from an application filed October 30, 2007 (Filing No. 1-6, at 1).  Patent '345 is allegedly a continuation of Patent '288, entitled "METHOD AND SYSTEM FOR CONTROLLING ACCESS, BY AN AUTHENTICATION SERVER, TO PROTECTED COMPUTER RESOURCES PROVIDED VIA AN INTERNET PROTOCOL NETWORK" and filed on August 29, 2002 (*Id.*).

The PTO issued Patent '155, entitled "SYSTEM FOR MANAGING ACCESS TO PROTECTED COMPUTER RESOURCES", on February 26, 2013, from an application filed November 11, 2010, with the PTO.  Prism contends that the Patent '155 application was a continuation of the Patent '345 application.

Prism has a fourth, unasserted patent, U.S. Patent No. 6,516,416 ("'416 Patent"), entitled "SUBSCRIPTION ACCESS SYSTEM FOR USE WITH AN UNTRUSTED NETWORK."  The Court has referenced this patent in its prior orders (*See* Filing No. 132).

At issue in this case are 18 Asserted Claims in Patents '155 and '345 (Filing No. 242, 9; Filing No. 243-4, 3; Filing No. 243-5, 2).  The following are the Asserted Claims in Patent '345:

1, 30, 39, 50, 57, 70, 77, and 87. (Filing Nos. 85-6, at 62-65). The following are the Asserted Claims in Patent '155: 7, 11, 32, 37, 50, 56, 74, 75, 76, and 93 (Filing No. 85-7, at 64-67).

B. PROCEDURE

On April 4, 2012, Prism filed its complaints against AT&T and various other cellular phone providers in separate actions, alleging direct infringement, indirect contributory infringement, and indirect inducement of infringement of Patents '345 and '155 (Filing Nos. 1, 85; *see also Prism v. Sprint Spectrum, L.P., d/b/a Sprint PCS*, 8:12CV123; *Prism v. T-Mobile USA, Inc.*, 8:12CV124; *Prism v. United States Cellular Corp., d/b/a U.S. Cellular*, 8:12CV125; *Prism v. Cellco P'ship d/b/a Verizon Wireless*, 8:12CV126). The complaint was amended on September 21, 2012 (Filing No. 40) and on March 1, 2013 (Filing No. 85). On April 23, 2013, the parties submitted a Joint Claim Construction Statement and the Court conducted a *Markman* hearing on July 2, 2013 (Filing Nos. 110, 130). The Court issued its *Markman* order on July 30, 2013, accepting jointly stipulated terms and construing disputed terms (Filing No. 132). The Court heard oral arguments for the various summary judgment motions on August 5, 2014.

The current motion concerns 14[1] of the Asserted Claims (collectively, the "Client Computer Identity Claims" or "CCIC"). Prism requests the CCIC receive a conception date of no later than May 6, 1996; and a priority date of June 11, 1997. The outcome of this motion will determine whether various AT&T prior art references qualify as prior art against the Asserted Claims. Prism relies heavily upon a document entitled the "May 1996 Gatekeeper Disclosure." Filing No. 231, at 5.

II. LAW

A. SUMMARY JUDGMENT

A motion for summary judgment shall be granted by the Court "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one that "might affect the outcome of the suit under the governing law," and a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party

---

[1] Claims 1, 33, 39, 50, 57, 70, 77, 87 of Patent '345, and claims 11, 32, 37, 50, 56, 74 of Patent '155. Filing No. 231, at 4.

only if there is a genuine dispute as to those facts. *Wood v. SatCom Marketing, LLC*, 705 F.3d 823, 828 (8th Cir. 2013).

The moving party bears the burden to establish that no genuine issue of material fact exists. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party does not meet its initial burden, summary judgment must be denied even if no affidavits or other evidence have been submitted in opposition to the motion. *See id.* at 159-60. After the moving party has met its burden, "the non-moving party may not rest on the allegations of his pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Singletary v. Missouri Dept. of Corrections*, 423 F.3d 886, 890 (8th Cir. 2005).

B.   CONCEPTION

"Conception is 'the formation in the mind of the inventor[ ] of a definite and permanent idea of the complete and operative invention, as it is thereafter to be applied in practice.'" *Singh v. Brake*, 222 F.3d 1362, 1367 (Fed. Cir. 2000) (citing *Kridl v. McCormick*, 105 F.3d 1446, 1449 (Fed. Cir.1997). "A conception must encompass all limitations of the claimed invention . . . and 'is complete only when the idea is so clearly defined in the inventor's mind that only ordinary skill would be necessary to reduce the invention to practice, without extensive

research or experimentation.'" *Burroughs Wellcome Co. v. Barr Lab., Inc.*, 40 F.3d 1223, 1228 (Fed. Cir.1994).

C. PRIORITY

Under Section § 120 of Title 35 of the United States Code, a patent application may receive the benefit of the filing date of an earlier filed application under certain conditions. The disclosure of the prior application must convey with reasonable clarity to those skilled in the art that, as of the filing date sought, the inventor was in possession of the invention. *Union Oil Co. of Cal. v. Atl. Richfield Co.*, 208 F.3d 989, 997 (Fed. Cir. 2000).

III. DISCUSSION

A. CONCEPTION

To the extent Prism argues AT&T conceded the priority date to 13 of the 14 CCICs, the Court finds AT&T's denial did not constitute a concession of the issue in its entirety. *See* Filing No. 327, at 4, 7 (citing Filing No. 283).

AT&T's primary opposition to summary judgment is the credence of Prism's evidence. First, AT&T posits that case law requires that Prism actually disclosed its documents to people other than the inventor. Filing No. 283, at 11-12 (citing *In re Jolley*, 308 F.3d 1317, 1323 (Fed. Cir. 2012); *Singh v. Brake,* 317 F.3d 1334, 1340 (Fed. Cir. 2003); *Kridl v. McCormick*, 105 F.3d

-6-

1446. 1449 (Fed. Cir. 1997); *Procter & Gamble Co. v. Teva Pharms. USA, Inc.*, 566 F.3d 989, 999 (Fed. Cir. 2009)).  Second, AT&T states Prism cannot rely solely on corroborating documents from the inventor.  *Id.*

After reviewing the seemingly contradictory case law in this arena, the Court finds that a finder of fact could reasonably rely upon Prism's documents to ascertain the conception date of the patents.  *Compare* Filing No. 283, at 14-16 (citing *Procter & Gamble Co. v. Teva Pharm. USA, Inc.*, 566 F.3d 989, 999 (Fed. Cir. 2009)) (an alleged prior inventor "must provide independent corroborating evidence in addition to his own statements and **documents**"), *with* Filing No. 327, at 11-12 (quoting *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577-78 (Fed. Cir. 1996) (courts do not "require corroboration where a party seeks to prove conception through the use of physical exhibits.  The trier of fact can conclude for itself what documents show, aided by testimony as to what the exhibit would mean to one skilled in the art.").  The impetus behind the "rule of reason" was to prevent an inventor's oral testimony of what was conceived and when it was conceived -- "a situation where, over time, honest witnesses can convince themselves that they conceived the invention of a valuable patent."  *Price v. Symsek*, 988 F.2d 1187, 1195 (Fed. Cir. 1993) (citing *Eibel Process Co. v. Minnesota &*

*Ontario Paper Co.*, 261 U.S. 45, 60 (1927)).  So, an inventor's testimony -- but not physical evidence -- requires corroboration before consideration.  *Id.* (citing *Holmwood v. Sugavanam*, 948 F.2d 1236, 1239 (Fed. Cir. 1991)).  The finders of fact can determine the credibility of evidence in this matter.

   AT&T's third argument is that the Gatekeeper Disclosure did not disclose the "authorization" limitation of the claims, and therefore, the disclosure was not the complete invention.  Filing No. 283, at 13 (citing *Jolley*, 308 F.3d at 1323; *Singh*, 317 F.3d at 1340; *Kridl*, 105 F.3d at 1449).  The Court construed "**authorization**" to mean "**determine/determining whether to grant access to**."  Filing No. 132, at 66.  The Court did not provide a construction for "**authorization level(s)**."  *Id.* at 65-66.  As Prism states, the CCICs have a Authorization Data Limitation which requires "authorization 'based on data associated with the requested protected computer resources' that is stored in the authentication server or a database associated with the authentication server."  Filing No. 327, at 13.  After reviewing the briefs and corresponding evidence, the Court finds that a question of fact remains as to whether the 1996 documents contain the Authorization Data Limitation.  Therefore, Prism's motion will be denied.

Prism asked for an alternative conception date for the first time in its closing brief and the Court will deny that as well. Accordingly,

IT IS ORDERED:

1) Plaintiff's motion (Filing No. 228) is denied.

2) Defendant's motion (Filing No. 345) to file a sur-reply is granted; the sur-reply is deemed filed.

DATED this 30th day of September, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court