IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,      )
                              )
                Plaintiff,    )          8:12CV122
                              )
        v.                    )
                              )
AT&T MOBILITY, LLC,           )          MEMORANDUM AND ORDER
                              )
                Defendant.    )
_____)


        This matter is before the Court on the motion (Filing
No. 270) of plaintiff Prism Technologies, L.L.C. ("Prism") to
strike the fourth amended initial disclosures and late-disclosed
evidence of defendant AT&T Mobility, L.L.C. ("AT&T").  The motion
has been fully briefed (Filing No. 273, Filing No. 301, Filing
No. 314).  After review of the motions, briefs, indices of
evidence, and relevant case law, the Court finds as follows.

I.   BACKGROUND

        AT&T seeks to introduce a third-party trial witness,
two documents, and an expert report which contains information
about which AT&T once claimed it lacked knowledge (Filing No.
273, at 4).  These disclosures come three months after the close
of discovery and one month after Prism served its infringement
report (*Id.* at 5).

II.   LAW

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires parties to disclose "the name . . . of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses . . . ."  Rule 26(e) also requires a party "supplement or correct its disclosure or response . . . in a timely manner . . . ."

When a party fails to provide information or identify witnesses in accordance with Rule 26, Federal Rule of Ciivl Procedure 37(c) prevents the party from relying on such information or witness at trial "unless the failure was substantially justified or [] harmless."  *See also Giard v. Burlington No. Santa Fe Ry. Co.*, No. CV-12-113, 2014 WL 37687, *1, *5 (D. Mont. Jan 6, 2014).  AT&T bears the burden ". . . of establishing that a failure to disclose was substantially justified or harmless . . . ."  *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 824 (11th Cir. 2009).

III. DISCUSSION

A.   WITNESS

Syniverse is a third-party, AT&T vendor which provides roaming interconnection services to AT&T.  Prism decided not to depose Syniverse but AT&T insisted upon a deposition.  Syniverse

-2-

disclosed Mr. Neal as the witness and produced documents in May 2014.  Also, AT&T amended its disclosures in May 2014.  The deposition occurred in June 2014.  Prism does not object to AT&T's use of the deposition video or transcript.  However, Prism objects to AT&T's use of Mr. Neal for live witness testimony which exceeds the scope of the parties' limitation.  Filing No. 273, at 7.

Prism claims the parties limited the scope of the deposition to those documents Syniverse produced.  In support, Prism cites Prism's objection in Mr. Neal's deposition.  Filing No. 273, at 7 (citing Filing No. 273-1, at 4, Neal Tr. 76:23-77:6).  That objection does not evidence an agreement to limit the deposition to the documents.  Filing No. 273-1, at 4, Neal Tr. 76:23-77:6.

AT&T seeks to offer Mr. Neal's testimony to rebut Prism's expert report, specifically, he wishes to contradict his former statement that Syniverse's backbone system is an internet protocol network, an important question of fact in this case.  AT&T claims Mr. Neal was not informed of the Court's *Markman* order construing the term internet protocol network.

The Court finds Mr. Neal can testify at trial concerning Syniverse documents.  Furthermore, Mr. Neal may offer rebuttal testimony regarding his own statements in the deposition

as to whether he competently testified in his deposition. Prism will face limited, and not unexpected, prejudice in allowing Mr. Neal to appear live to testify on these limited issues. First, Prism does not object to the Neal's testimony regarding the documents Syniverse produced to Prism because Prism does not object to the playing of Mr. Neal's deposition at trial. Second, AT&T made a specific objection regarding the very testimony AT&T seeks to offer as a rebuttal. *See* Filing No. 301 ("[T]he Court has issued a construction of IP network, which I don't think Mr. Neal is even aware of. But go ahead and answer the question, to the best of your ability."). As the Court understands AT&T's justification for calling Mr. Neal, AT&T wishes to clarify that Mr. Neal did not in fact understand a question to which he offered an answer. This goes directly to his competency. AT&T shall limit its examination of Mr. Neal to the contents of his deposition, the documents which Syniverse produced to Prism, Mr. Neal's competency, and nothing more. Beyond these subjects, AT&T had offered no justification for the late disclosure.

B.   DOCUMENTS

In AT&T's rebuttal expert reports, AT&T introduced new evidence which it had not previously disclosed.

The first document is a spreadsheet which reduces Prism's damage model. It contemplates the license agreement

-4-

between Prism and Microsoft.  Concisely, because AT&T's revenues include Microsoft products, the license between Prism and Microsoft should reduce Prism's damages model by Microsoft revenues.  AT&T did not produce this spreadsheet or its underlying documents until its rebuttal export report.

AT&T claims it was blind-sided by Prism's damages model, particularly in light of the Court's *Markman* order.  AT&T claims in various briefs that the Court's *Markman* order excluded "internet access" and therefore revenue damages is incompatible with the *Markman* order*.*  The Court does not read its order in this manner and the Court does not agree that revenue damages would not have been foreseeable.  The Court finds that AT&T's failure to timely deliver the Microsoft revenue numbers to Prism is unjustified and the evidence will be excluded.

Similarly, the second document is a spreadsheet of data usage of AT&T's metrocell system.  Though AT&T's rebuttal damages expert uses this document to calculate damages, AT&T never provided this document to Prism.  AT&T claims that it was blind-sided by Prism's damages model.  Also, AT&T claims Prism had numerous opportunities to request metrocell data, but never specifically requested the "metrocell" data.  Instead, Prism's requests were overly-broad and, when the requests were specific, they requested everything except "metrocell" data.  The Court

finds that AT&T's failure to timely deliver the metrocell information to Prism is unjustified and the evidence will be excluded.

C.    EXPERT WITNESS

AT&T designated Mr. Weatherly as AT&T's 30(b)(6) witness.  Mr. Weatherly is not a technical expert but Prism asked the witness several technical questions regarding a "profit and loss" spreadsheet that contained a line item labeled "Interconnect/Facilities."  Mr. Weatherly stated he did not know and could not assist Prism to sufficiently understand the technicalities of the document.  AT&T plans to use this document at trial.

Prism asserts that the subsequent explanation of the document constitutes a late disclosure and moves to strike the document.  AT&T, however, claims Mr. Weatherly simply lacked such information, and AT&T acquired its information about the document from a separate witness.  Prism deposed a technical expert in between Mr. Weatherly's multiple depositions but Prism did not ask that expert's opinion regarding the document.  Despite the fact that AT&T designated a 30(b)(6) designee who lacked knowledge of documents within the scope of the deposition, Prism had multiple occasions to inquire into the document but failed to do so.  Therefore, Prism suffers no prejudice because it failed

to depose other witnesses or inquire into the matter with persons other than Mr. Weatherly.  The motion will denied.

IT IS ORDERED:

1) The plaintiff's motion (Filing No. 270) is denied in part and granted in part.

2) Mr. Neal may be called as a live witness but the scope of his testimony is limited to the contents of his deposition, the documents which Syniverse produced to Prism, and his competency during his deposition.

3) The documents which the defendant produced for the first time in response to the plaintiff's expert report concerning Microsoft user data and metrocells are stricken and excluded.

4) The "profit and loss" spreadsheet that contained the line item "Interconnect/Facilities" is not stricken.

5) The defendant's motion (Filing No. 317) to file a sur-reply is granted; the sur-rely is deemed filed.

DATED this 30th day of September, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-7-