IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
PRISM TECHNOLOGIES, LLC,      )
                              )
           Plaintiff,         )          8:12CV122
                              )
     v.                       )
                              )
AT&T MOBILITY, LLC,           )          MEMORANDUM AND ORDER
                              )
           Defendant.         )
_____)
```

This matter is before the Court on three issues. First, the parties have requested clarification of two of the Court's prior orders (Filing No. 411, Filing No. 417). Second, the defendant moves (Filing No. 422) to exclude new damage theories pursuant to Federal Rule of Civil Procedure 26. Third, the defendant moves to allow its damages and technical expert, who has been excluded by the plaintiff's *Daubert* motion on the basis of her damages model only, to offer rebuttal testimony against the plaintiffs' technical expert. After review of the parties' argument and relevant case, the Court finds as follows.

I.   **PRIOR ORDERS**

First, in excluding Prism's damages model in its entirety, the Court agrees with Prism that the order referred to Mr. Malackowski's report and testimony (Filing No. 411). The Court did not exclude the underlying facts of the case, nor did it address Mr. Minor's testimony.

Second, in the Court's order denying the defendants' motion to exclude plaintiff's expert, Mr. Minor, the Court failed to address an argument raised by the defendants (Filing No. 417, at 8). The defendants claim the plaintiff circumvented the standards of *Daubert* analysis for patent damages experts by asking Mr. Minor, the technical expert, to offer an opinion on costs. After reviewing the parties' briefs, relevant case law, and the Court's previous order, the Court finds that Mr. Minor's opinion as to costs is admissible under *Daubert* analysis. Mr. Minor may testify as a technical expert and to costs.

## II. EXCLUSION OF DAMAGES MODELS

A. LAW

Federal Rule of Civil Procedure Rule 26 requires disclosure of:

> a computation of each category of
> damages claimed by the disclosing
> party -- who must also make
> available for inspection and
> copying as under Rule 34 the
> documents or other evidentiary
> material, unless privileged or
> protected from disclosure, on which
> each computation is based,
> including materials bearing on the
> nature and extent of injuries
> suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii). The failure to comply with Rule 26 may result in the exclusion of the undisclosed evidence.

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 36(c)(1). A non-disclosing party may escape sanctions under Rule 37 if it can show a substantial justification or harmlessness. Courts consider the following four factors in their analyses:

> 1) the importance of the excluded material;
>
> 2) the explanation of the party for its failure to comply with the required disclosure;
>
> 3) the potential prejudice that would arise from allowing the material to be used; and
>
> 4) the availability of a continuance to cure such prejudice.

*Citizens Bank v. Ford Motor Co.*, 16 F.3d 965, 966 (8th Cir. 1994).

B.  ARGUMENT

AT&T argues that Prism failed to meet the requirements of Federal Rule of Civil Procedure 26. Prism made the following disclosure in its Rule 26(a) report:

-3-

>To compensate Prism for Defendants' infringement of the asserted patents, Prism seeks an award of damages of no less than a reasonable royalty, including costs and pre-judgment and post-judgment interest. As this is an exceptional case, Prism further seeks reimbursement of its attorneys' fees and costs incurred in pursuing its claims. To the extent evidence of willful infringement is uncovered, Prism will further seek trebling of the damages against Defendants.
>
>As Prism has not begun to take discovery, it cannot at this time quantify the damages to which it is entitled. In accordance with the Schedule in the action, Prism will provide a detailed analysis of its damages theories in a burden of proof expert report.
>
>Prism reserves the right to modify its damages theories and calculations or to seek damages under different theories as appropriate in view of information to be discovered in this case[.]

Filing No. 424-2, at 6. The Court finds no further disclosed damages model in its docket or the parties' submissions.

In its *Daubert* order concerning Mr. Malackowski, the Court exclude the hybrid damages model -- a cross between revenue-based and cost-savings-based damages. Without this model, AT&T argues the Court should exclude all evidence in this case that could lead a jury to a reasonable royalty pursuant to

-4-

Rules 26 and 37 and limit Prism to a nominal damages award. Filing No. 423, at 8.

The Court considers the four factors as to whether the parties may still adduce evidence of a cost-savings model. First, the cost-savings model and evidence is important because without it, Prism may only recover nominal damages. Second, Prism has offered no explanation as to why it has offered such a vague and clearly unuseable description of its damages model(s) in its Rule 26(a) disclosure. Third, AT&T will not be prejudiced. For a long time, AT&T has been aware that Mr. Minor would be called to offer evidence involving cost-savings. AT&T deposed him, completed thorough motion practice on whether to exclude Mr. Minor's cost-savings analysis, and AT&T is prepared to offer rebuttal evidence as to his testimony. In fact, AT&T has argued Mr. Minor's testimony was a form of damages model in its briefing and in oral arguments. Allowing Mr. Minor to offer his testimony as was anticipated before and after the Court issued its Malackowski order and it does not prejudice AT&T.

Therefore, Mr. Minor may offer his cost-savings analysis at trial. AT&T's motion will be denied.

**III. MS. DAVIS AS A REBUTTAL EXPERT**

Defendant's counsel has moved that Ms. Davis testify as a rebuttal witness. In a conference call on October 3, 2014, plaintiff's counsel primarily objected on the grounds that she will rehash the defendant's arguments and that her testimony must be limited. The Court finds that Ms. Davis may serve as a technical rebuttal expert witness. However, the Court cautions the defendant that Ms. Davis' damages model and corresponding testimony were stricken by the plaintiff's *Daubert* motion. Ms. Davis' testimony must not become a circumvention of the Court's order.

IT IS ORDERED:

1) Mr. Minor may testify at trial.

2) The defendant's motion (Filing No. 422) is denied and Mr. Minor may offer such testimony as is in his expert report regarding cost-savings.

3) Ms. Davis may testify at trial in the limited role as a rebuttal, technical witness.

DATED this 6th day of October, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court