```
          IN THE UNITED STATES DISTRICT COURT FOR THE

                       DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES LLC,      )
                             )
          Plaintiff,         )           8:12CV122
                             )
     v.                      )
                             )
AT&T MOBILITY, LLC,          )           MEMORANDUM AND ORDER
                             )
          Defendant.         )
_____)
```

This matter is before the Court on cross motions in limine from both the plaintiff (Filing No. 388) and the defendant (Filing No. 391). After review of the motions, briefs, submitted evidence, oral arguments, and relevant law,

IT IS ORDERED:

**I.  PLAINTIFF'S MOTION**

**1. Preclude argument that the accused Femtocells/Microcells, Metrocells, and WiFi do not use an untrusted IP Network.**

Denied.

**2. Exclude argument from AT&T's non-infringement expert regarding the validity of the Prism Patents.**

Deferred until trial. The parties have stipulated that its experts would not testify beyond the scope of their expert reports. Courts often preclude expert opinions which exceed the scope of corresponding expert report. However, the Court finds

no reason to limit the contents of AT&T's experts' testimony so long as that testimony is within the scope of that expert's report.  In its opposition brief, AT&T did not dispute Prism's claim that its non-infringement expert did not offer validity opinions in his report.  However, the Court will reserve its ruling until it arises in context at trial.  The Court will limit the experts' testimony to their reports.

      **3. Exclude argument from AT&T's invalidity expert regarding infringement of the accused systems.**

      Deferred until trial.

      **4. Exclude arguments of a non-infringing alternative because neither AT&T during discovery, nor the reports of AT&T's experts, disclosed any such non-infringing alternative.**

      Deferred until trial.  Like the previous in limine motions, this motion concerns AT&T's expert reports.  Prism claims AT&T's experts did not provide non-infringing alternatives, and they should be precluded from offering opinions beyond their reports.  AT&T claims their experts have the right to testify regarding their expert reports and to rebut Prism's experts' non-infringement alternatives.  The Court will reserve ruling until it arises in context at trial, where the parties can clearly show whether AT&T's experts' reports contain non-

infringing alternative opinions. The Court will limit the experts' testimony to their reports.

**5. Preclude AT&T from presenting argument or evidence regarding Prism's prior settlement agreements, or settlement agreements, including negotiations and unaccepted licensing offers.**

Denied as moot. Prism's primary concern is the use of settlements in the calculations of AT&T's damages expert; however, that expert was excluded following a *Daubert* motion. Also, the Court has ruled that the prior settlements may constitute the basis of a reasonable royalty.

**6. Exclude argument that AT&T's accused systems are licensed under the Prism-Microsoft Agreement.**

Denied as moot. In its previous orders, the Court has excluded testimony and opinions of both parties' damages experts and excluded a late-disclosed spreadsheet which contemplated a Prism-Microsoft Agreement. Therefore, the Court believes this argument to be moot. If AT&T seeks to argue at trial that part of the accused system is licensed under the Prism-Microsoft Agreement, the Court will consider it in that context.

**7. Preclude AT&T's invalidity expert, Dr. Houh, from presenting an obviousness analysis with respect to the CDPD prior art reference, beyond the specific combination with Fox that he**

**proposed with Fox for certain claim limitations in his invalidity report.**

Denied.

**8. Exclude argument that AT&T does not infringe because the claims are allegedly invalid.**

Granted on the basis that this theory will confuse the jury as to the nature of the law. *Applera Corp. v. MJ Research Inc.*, No. 3:98-CV-1201, 2004 WL 367616, at *1 (D. Conn. Feb. 24, 2004) ("[A] patent can be infringed notwithstanding that it may also be invalid or unenforceable, and counsel will be expected to refrain from arguing or eliciting testimony to the contrary.")

**9. Preclude AT&T from arguing that the asserted claims are invalid for lack of written description of or failure to enable cellular technology.**

Denied.

**10. Preclude AT&T from presenting arguments or offering evidence from the named inventors that they are not experts in cellular technology and did not invent cellular technology.**

Denied.

**11. Neither party may refer to changes to the parties' infringement and/or invalidity contentions, for example, claims, accused elements and prior art that is no longer asserted.**

Denied. *See Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1367-68 (Fed. Cir. 2013) and *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. 09-290, 2012 WL 5463669, at *2 (W.D. Pa. Nov. 7, 2012).

**12. Exclude disparaging remarks or references to the patent system or patents.**

Granted.

**13. Preclude AT&T from arguing that Prism failed to test AT&T's accused systems.**

Granted.

**14. Prism as a "patent troll" (non-practicing entity).**

The motion is moot because the parties have reconciled their disagreement on this subject. AT&T shall not refer to Prism as a patent troll; however, it may refer "to Prism's origins as a practicing company and to the fact that Prism is no longer a practicing company." Filing No. 405, at 23.

**15. Exclude references to Prism's motives for filing the current (and related) action.**

Granted.

**16. Preclude reference to Prism's prior patent infringement lawsuits or current affiliated entities and their current business or litigation activities.**

Granted; however, AT&T may discuss settlements to establish reasonable damages.

**17. Exclude any reference to any fee arrangement or interest in the litigation held by Kramer Levin Naftalis & Frankel LLP or Bentham Capital.**

Granted.

**18. Preclude AT&T from relying on declarations and/or affidavits served after the close of fact discovery, except for purposes of authentication.**

Granted.

**19. Neither party may offer the testimony of Syniverse or of Syniverse employee Byron Neal beyond playing Mr. Neal's deposition testimony.**

See Filing No. 421.

**20. Preclude AT&T's experts from relying upon information from employees who were not disclosed in its initial disclosures.**

See Filing No. 421.

**II. DEFENDANT'S MOTION**

**1. Preclude Prism from offering testimony, other evidence, or argument regarding AT&T's overall revenues, overall profits, "deep pockets," size (e.g., "huge," "giant," or "large"), or market value, or anything similar.**

Granted.  The Court excluded both damages experts and believes this motion may be moot.  However, to the extent that Prism seeks to introduce damages evidence, it should disclose only those figures and descriptions necessary for the jury to determine damages.

**2. Preclude Prism from offering testimony, other evidence, or argument regarding AT&T's decision not to call any particular witness who AT&T does not control at trial.**

Granted.

**3. Preclude Prism from offering testimony, other evidence, or argument regarding AT&T's failure to call any senior executives as a witness or have them present at trial.**

Granted.

**4. Preclude Prism from offering testimony, other evidence, or argument regarding AT&T's failure to have any other AT&T entity appear at trial or to call any witness from any other AT&T-related entity.**

Granted.

**5. Preclude Prism from offering testimony, other evidence, or argument regarding reexaminations of the '288 patent by the United States Patent and Trademark Office.**

Denied.

**6. Preclude Prism from offering testimony, other evidence, or argument regarding any pending patent applications, continuations, divisionals, or continuation-in-part applications from the patents-in-suit.**

Granted.

**7. Preclude Prism from offering testimony, other evidence, or argument regarding any of Prism's unasserted patents.**

Denied.  The questions of the priority and effective dates are unresolved and Prism may introduce relevant evidence to resolve those questions.

**8. Preclude Prism from offering testimony, other evidence, or argument regarding any presumption of validity of any claim of the patents-in-suit.**

Granted.  *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258-59 (Fed. Cir. 2004) ("Therefore, the district court did not err in declining to include a jury instruction on the presumption of validity because the jury applied the correct 'clear and convincing evidence' standard.") (quoting  *Am. Hoist & Derrick Co. v. Sowa & Sons*, Inc., 725 F.2d 1350, 1360 (Fed. Cir. 1984); *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1319 (Fed. Cir. 2003); *Avia Group Int'l Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1562 (Fed. Cir. 1988)).

      **9. Preclude Prism from offering testimony, other evidence, or argument regarding its recognition as the 1997 Nebraska Technology Company of the Year by the Applied Information Management (AIM) Institute.**

      Denied.

      **10. Preclude Prism from offering testimony, other evidence, or argument that the patents-in-suit are necessary or essential to comply with an industry standard.**

      Granted.

      **11. Preclude Prism from offering testimony, other evidence, or argument regarding Akin Gump's retention of Mr. James E. Malackowski as an expert in prior cases.**

      Granted.

      **12. Preclude Prism from offering testimony, other evidence, or argument speculating that potentially-relevant AT&T documents exist but were not produced by AT&T in this case.**

      Granted.

      **13. Preclude Prism from offering or eliciting testimony, other evidence, or argument from Mr. Minor regarding any AAV agreement or relationship other than the agreement between CenturyLink and AT&T.**

      Denied.

**14. Preclude Prism from offering testimony, other evidence, or argument that AT&T was aware, had notice of, or knowledge of the patents-in-suit before Prism filed this case.**

Granted.

**15. Preclude Prism from offering testimony, other evidence, or argument that AT&T has indirectly infringed the patents-in-suit.**

Denied.  See 8:12CV123, Filing No. 111, at 10-11 (citing *Walker Digital, L.L.C. v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565-56 n.11 (D. Del. 2012); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010); *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC ANx, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012)).

**16. Preclude Prism from offering testimony, other evidence, or argument regarding any alleged lack of opinion of counsel in support of willfulness or any other issue.**

Granted.

**17. Preclude Prism from offering testimony, other evidence, or argument suggesting that AT&T has copied the invention described in the claims of the patents-in-suit.**

Granted.

**18. Preclude Prism from offering testimony, other evidence, or argument regarding any lawsuits filed by any other**

**companies or individuals against AT&T or any of its current, past, or future affiliates, including by way of any anticipated merger or acquisition.**

       Granted.

       **19. Preclude Prism from offering testimony, other evidence, or argument regarding the opinions or statements made or reports served in the companion cases by any expert, who is not designated in this case.**

       Granted.

       **20. Preclude Prism from offering testimony, other evidence, or argument regarding any settlement discussions, or lack thereof, between Prism and AT&T or the other remaining defendants in the companion cases.**

       The motion is moot because the parties have come to a resolution to this issue and mutually agree that neither party shall divulge settlement discussions between the parties at trial. To the extent that Prism attempts to extend this motion *in limine* beyond this agreement, the Court denies Prism request.

       DATED this 6th day of October, 2014.

                           BY THE COURT:

                           /s/ Lyle E. Strom
                           _____
                           LYLE E. STROM, Senior Judge
                           United States District Court